429 So.2d 338 (1983)
Michael Henry MICHAELS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1955.
District Court of Appeal of Florida, Second District.
March 4, 1983.
Rehearing Denied April 12, 1983.
*339 Jerry Hill, Public Defender, Bartow, and Ronald J. Eide and Eula Tuttle Mason, Asst. Public Defenders, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The defendant was convicted of manslaughter for causing the death of David Traas on October 8, 1980, by striking Traas in the face twice with his fist. The defendant appeals, raising three issues. We find merit in all three, and reverse for a new trial. To avoid recurrence of these matters on retrial, we will discuss all three issues.
On direct examination of its first witness, the state established the victim's reputation for peacefulness. On cross-examination, the defense established that the witness had never seen the defendant violent. On redirect, the state was permitted by the trial judge to ask the witness "Have you heard that [the defendant] physically struck his wife on [March 4, 1981]?" The trial judge overruled an objection by the defense to this question, and denied a defense motion for mistrial on the ground that the question was improper. We hold that the trial judge erred.
The only justification for the question is that it was to test the witness's actual knowledge of the defendant's reputation for violence. It occurs to us initially that the question was improper because it was an effort by the state to impeach its own witness. A party is not permitted to impeach a witness called by that party unless the witness proves adverse. § 90.608(2), Fla. Stat. (1981); Johnson v. State, 178 So.2d 724 (Fla. 2d DCA 1965). The defendant, however, has not raised this issue and apparently the trial judge overlooked this aspect of the matter. But even if the impeachment effort was permissible, the question itself was improper in any event.
The general rule is that the state has the right to cross-examine a character witness for the defense as to his having heard of specific acts of the defendant. Greenfield v. State, 336 So.2d 1205 (Fla. 4th DCA 1976); Annot., 13 A.L.R. 4th 796 (1982). However, we agree with the proposition that such cross-examination of a character witness should be limited to events prior to the offense being tried when the defendant's reputation for peace and good order is in issue  as distinguished from his reputation for truth and veracity. Greenfield v. State. In the instant case, the defendant put in issue the question of his reputation as a violent person. But the state's impeachment question pertained to an event which allegedly occurred several months after the occurrence of the crime for which the defendant was on trial. For this reason alone, the question was improper.
During testimony by the defendant on his own behalf, the trial judge permitted the state to ask the defendant whether he had in fact struck his wife on March 4, 1981. Again, this question was improper. Even though the defendant had put in issue the question of his reputation for violence, the state should have proved his reputation for violence through testimony about the defendant's reputation, not by cross-examination of the defendant concerning prior criminal acts of violence. Dixon v. State, 426 So.2d 1258 (Fla. 2d DCA 1983).
The third and last issue raised by the defendant concerns the extensive comment by the state in closing argument on the failure of the defendant to call the defendant's daughter as a witness. It had been demonstrated during the trial that the defendant's daughter, who was present when the alleged crime occurred, was available to testify. It is clearly improper for the state to comment on the defense's failure *340 to call witnesses. Kirk v. State, 227 So.2d 40 (Fla. 4th DCA 1969).
For the foregoing reasons, we reverse and remand for a new trial.
HOBSON, Acting C.J., and SCHOONOVER, J., concur.