435 So.2d 318 (1983)
Fidel ROMERO, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2525.
District Court of Appeal of Florida, Fourth District.
July 13, 1983.
Rehearing Denied August 17, 1983.
*319 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
In this appeal from a conviction of burglary and robbery appellant claims error as a result of the prosecutor's reference during trial to appellant's failure to call certain witnesses.
Appellant, charged with burglary and robbery, took the stand in his own defense and testified that at the time the crime was committed he was in Marathon, Florida, living in the house of his girlfriend's family. During cross-examination the following exchange took place:
Q: Do you still know them today?
A: Yes.
Q: Do they still live in the Keys?
A: Yes.
Q: When did you call them and ask them to come to court for you?
[DEFENSE COUNSEL:] Objection, Your Honor. Mr. Romero is not in any manner obligated to present witnesses in his behalf.
THE COURT: That is true, but he has a right to ask that particular question. Overruled.
The question was then repeated and answered.
Reference by the prosecuting attorney to a criminal defendant's failure to call certain witnesses impinges primarily upon two related constitutional rights. The first is the defendant's right to remain silent which places a concommitant obligation on the state not to comment on the defendant's exercise of that right. In this context, such a comment is prejudicial error. E.g., Gilbert v. State, 362 So.2d 405 (Fla. 1st DCA 1978). The second is the presumption of innocence, again to be considered together with the state's obligation to come forward with evidence sufficient to prove the defendant guilty beyond a reasonable doubt. Thus, a comment that indicates to the jury that the defendant has the burden of proof on any aspect of the cause will constitute reversible error. E.g., Dixon v. State, 430 So.2d 949 (Fla. 3d DCA 1983) and cases cited therein.
From these concerns has evolved the general rule that such comments constitute prejudicial and therefore reversible error. See Kirk v. State, 227 So.2d 40 (Fla. 4th DCA 1969); Michaels v. State, 429 So.2d 338 (Fla. 2d DCA 1983). On the other hand, where there is ample evidence of guilt, circumstances may render such an error harmless. Lane v. State, 352 So.2d 1237 (Fla. 1st DCA 1977), cert. denied, 362 So.2d 1054 (Fla. 1978); Arline v. State, 303 So.2d 37 (Fla. 1st DCA 1974).
In addition to the harmless error doctrine, certain exceptions have been engrafted onto the rule by the cases. Our research indicates that some aspect of the doctrine of invited error underlies most, if not all, of these alleged exceptions. We will review several of these applications to help define the so-called exception.
Where defense counsel commented upon the state's failure to call a witness who was demonstrably competent and available, a reply by the prosecuting attorney that the defense had the same ability to put on the witness was held not to prejudice the defendant's right to a fair trial. Dixon v. State, 206 So.2d 55 (Fla. 4th DCA 1968).
*320 In a subsequent case, in opening statement defense counsel indicated that he would call the defendant's wife as an alibi witness. The court held a comment by the prosecuting attorney on his failure to do so was not reversible error. Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975). The supreme court subsequently quoted from Jenkins with approval, in Buckrem v. State, 355 So.2d 111, 112 (Fla. 1978), where:
Defendant complains that the assistant state attorney during his argument to the jury made reference to the fact that two witnesses who could have testified relative to appellant's alibi defense were not called by the defense. This argument is without merit. In Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975), the court said:
"Alibi was the crucial defense in this case. If a witness knows material facts which will be helpful to a defendant in making his defense, and the witness is competent and available, the defendant's failure to produce the witness is properly a subject of comment by the prosecutor. This is particularly true if the witness is the spouse of the defendant. 23A C.J.S. Criminal Law § 1099b, page 181; 5 A.L.R.2d 930." At 91.
In Allen v. State, 320 So.2d 828 (Fla. 4th DCA 1975), dismissed, 330 So.2d 725 (Fla. 1976), defense counsel's opening statement implied that a certain individual was the true perpetrator of the offense with which the defendant was charged. This court held that comment by the prosecuting attorney on defendant's failure to produce "the true perpetrator" to testify was not reversible error. See also Weeks v. State, 363 So.2d 176 (Fla. 4th DCA 1978) (defendant testified that absent witness was real perpetrator).
The rationale which emerges from these cases is that a prosecuting attorney may comment upon the failure of the defense to call a witness who has been demonstrated to be competent and available where the defendant's own presentation relies upon facts which could only be elicited from such witness whose testimony consequently is assumed to be relevant, material and favorable to the defense. One obvious reason for such an exception is that otherwise the jury will be misled, as, for example, when the defense refers to an alibi witness and none is called to testify.
Although we have referred to such instances of nonapplication of the general rule as "exceptions" (such terminology being a matter of convenience of reference) that is not literally sound legal theory. Clearly a comment on an accused's reliance on fifth amendment rights or a suggestion that the accused has the burden of proof as to some aspect of the case are prejudicial and therefore reversible errors. There are, in reality, no exceptions to these two rules.
The cases simply illustrate that an accused criminal defendant may bring his own credibility into issue either indirectly through his defense attorney in opening statement, summation or otherwise, or directly by taking the witness stand and testifying. In so doing if the defendant makes it appear that some other individual is the actual perpetrator of the crime or that potential witnesses could place the defendant elsewhere at the time of the crime or that a potential witness could exonerate the defendant, then, to that extent, the prosecuting attorney has a right to comment. Not only does the prosecutor have a right to comment, but he has an obligation to the justice system and particularly to the jury which otherwise may be misled, to point out the obvious and logical deduction that if such a witness, competent because of having direct, relevant and material evidence to give, was available he would have been called by the defense to enlighten the jury. Only by permitting such a comment can the defendant's position, unsupported by a scintilla of corroborating evidence, be put in proper perspective. Although a defendant initially assumes no burden he is encumbered by one obligation: if he chooses to speak, he must speak the truth. The crime of perjury makes no exception for criminal defendants. Thus, comment on a defendant's *321 credibility, where he places it in issue, is appropriate and salutary.
The instant case falls squarely within the aspect of this rationale exemplified by Jenkins, 317 So.2d at 91, Weeks, 363 So.2d at 177, and Allen, 320 So.2d at 829. Defendant intimated that certain individuals were alibi witnesses but failed to produce them. The prosecuting attorney's reference to that fact was appropriate and proper. We therefore affirm.
AFFIRMED.
HURLEY and DELL, JJ., concur.