454 So.2d 560 (1984)
STATE of Florida, Petitioner,
v.
Michael Henry MICHAELS, Respondent.
No. 63610.
Supreme Court of Florida.
July 26, 1984.
Rehearing Denied September 18, 1984.
*561 Jim Smith, Atty. Gen., and Frank Lester Adams, III and Gary O. Welch, Asst. Attys. Gen., Tampa, for petitioner.
Robert E. Jagger, Public Defender, and Eula T. Mason and Deborah K. Brueckheimer, Asst. Public Defenders, Tenth Judicial Circuit, Clearwater, for respondent.
SHAW, Justice.
This is a petition to review Michaels v. State, 429 So.2d 338 (Fla. 2d DCA 1983) on the ground that it conflicts with Buckrem v. State, 355 So.2d 111 (Fla. 1978). We find conflict and jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondent was convicted of manslaughter. The evidence reflects that respondent's daughter and the victim had formerly lived together and had ended the relationship with acrimony. On October 8, 1980, the daughter and respondent, on one side, and the victim, on the other, engaged in an altercation in and outside a bar. The altercation was broken up and shortly afterward the victim and respondent went together to another bar across the street, where they drank together for a period of time. The daughter came in several times but respondent declined to leave with her. At some point the daughter and the victim engaged in another altercation outside the bar while respondent was inside. The daughter and the victim entered the bar and the daughter called to respondent, who left his seat and struck the victim in the face once or twice. The victim fell backwards and struck his head on the floor. He never regained consciousness and died several days later from a severe injury to the back of the head. An autopsy showed he also had a fractured nose and jaw. Among the witnesses were two bartenders and a bartender's wife who testified as to what they had seen and heard. Respondent testified in his own behalf, claiming self-defense and defense of others. The daughter was available but was not called to testify. The prosecutor was permitted to comment on the failure of respondent to call his daughter as a witness and to infer that she was not called because her evidence *562 would not support the defense. The district court reversed, finding, inter alia, that it was clearly improper to comment on the respondent's failure to call his daughter as a witness. Kirk v. State, 227 So.2d 40 (Fla. 4th DCA 1969).
Petitioner raises three points. We address first the point on which our jurisdiction is based: whether it was improper to comment on the failure to call the daughter as a witness. In Buckrem the defense was alibi. We held that there was no merit in defendant's argument that the prosecutor should not have referred to his failure to call two witnesses who could have testified relative to the alibi defense. In so holding, we quoted from Judge Mills' opinion in Jenkins v. State, 317 So.2d 90, 91 (Fla. 1st DCA 1975):
Alibi was the crucial defense in this case. If a witness knows material facts which will be helpful to a defendant in making his defense, and the witness is competent and available, the defendant's failure to produce the witness is properly a subject of comment by the prosecutor. This is particularly true if the witness is the spouse of the defendant. 23A C.J.S. Criminal Law § 1099b, page 181; 5 A.L.R.2d 930.
Respondent argues that the rule in Buckrem and Jenkins applies to alibi defenses and is not applicable here where self-defense and defense of others are at issue. We disagree. The basis for the rule is that the trier of fact is entitled to hear relevant evidence from available and competent witnesses. When such witnesses are equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness. Here, however, the witness was the daughter of the defendant. She was not "equally available" to the prosecution because of the parent-child relationship which would normally bias her toward supporting her father's defenses. The Buckrem rationale is applicable under these circumstances. The daughter was at the center of the dispute between respondent and victim and was present at both altercations on the day in question. Her evidence was highly relevant as to the reasonableness of respondent's claim that he was protecting her and equally relevant as to whether respondent's argument of self-defense was justified. See 22A C.J.S. Criminal Law § 594 at 370; 23A C.J.S. Criminal Law § 1099a at 174; and 5 A.L.R.2d § 18 at 934. We disapprove the district court decision on this point.
At trial, the prosecutor questioned the bartender who witnessed the fatal battery as to the victim's reputation for peacefulness in the community. On cross-examination, respondent's counsel questioned the bartender as to whether respondent was a violent person and elicited the response that the bartender had never seen him violent and he had always seemed to be a pleasant person. On redirect, after some preliminary sparring, the prosecutor was permitted to ask the bartender if he had heard of respondent striking his wife on March 4, 1981. Respondent objected and moved for a mistrial, noting that the alleged striking took place after the offense being tried. On appeal the district court held that the trial judge erred in denying the motion and held that questioning regarding respondent's reputation for peacefulness should have been limited to events prior to the offense being tried. We agree that there is a logical distinction between an inquiry to establish a defendant's reputation for peacefulness, which is relevant only as of the date of the offense being tried, and an inquiry to establish the reputation of a witness for truth and veracity which is relevant as of the time of the testimony. Greenfield v. State, 336 So.2d 1205 (Fla. 4th DCA 1976). Petitioner argues that the question concerning the alleged wife striking was intended to test the credibility of the witness at the time of his testimony. This argument is unpersuasive in light of the limited scope of direct and cross-examination of the bartender regarding acts of violence on the part of the respondent on the date of the offense or prior thereto. After having testified on direct examination that he saw the respondent *563 violently attack the victim and leave him unconscious, he testified on cross-examination, "I have never seen him violent ... every time I have seen (respondent), (he) always seemed to be a pleasant person." In light of his direct testimony, the only logical conclusion is that the bartender's testimony on cross-examination was limited to events prior to the date of the offense. Neither the bartender's direct or cross-examination afforded a basis for the prosecutor's inquiry regarding a wife-striking incident which occurred subsequent to the date of the offense charged. Since the bartender's testimony regarding acts of violence on the part of the respondent was limited to the date of the offense and prior thereto, his credibility could not be impeached by what did or did not happen on March 4, 1981. The only probative worth of the prosecutor's inquiry was to get before the jury a suggestion that the respondent was a wife beater. This was especially egregious in this instance where the respondent's defense to the charged offense was self-defense and defense of his daughter. It is very likely that a jury could view wife beating as inconsistent with respondent's defense. We are influenced by the likelihood of undue prejudice to the respondent by questions suggesting he was a wife beater.
Under the facts and circumstances of this case, it is not clear beyond a reasonable doubt that the jury would have returned a guilty verdict absent the error above. Accordingly, we find that the error was harmful and approve the decision of the district court. United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Murray, 443 So.2d 955 (Fla. 1984).
Petitioner raises a third point concerning the district court holding that it was error to cross-examine respondent about the alleged wife beating. Having resolved the conflict issue which is the basis for our jurisdiction and disposed of the case on point two above, the third point is rendered moot.
The decision of the district court is approved in part and disapproved in part. We remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN and EHRLICH, JJ., concur.
OVERTON and McDONALD, JJ., Concur in result only and would approve the opinion of the district court on all issues.