578 So.2d 371 (1991)
Floyd McDONALD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-235.
District Court of Appeal of Florida, First District.
April 11, 1991.
*372 Barbara M. Linthicum, Public Defender and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Floyd McDonald has appealed from a conviction for sexual battery. He alleges that the trial court erred in admitting, over hearsay objection, prior consistent statements of the victim, that the trial court prejudiced his right to a fair trial by its rebuke of defense counsel during closing argument, and that the prosecutor improperly commented during closing argument on the defense's failure to call a witness. We affirm as to all issues.
The victim testified at trial that McDonald forced his way into her apartment, where she lived with her young child, and committed sexual battery on her. She stated that, immediately thereafter, she fled to a friend's apartment, where she blurted out a description of the incident consistent with her trial testimony. Approximately one hour later, she related the same story to the investigating police officer. The friend and the officer were allowed to testify to the story told them by the victim, over defense objection that it was inadmissible hearsay. McDonald later testified in his own defense that the victim had consented to sex.
*373 During defense counsel's closing argument, he made a statement to the effect that McDonald would not have committed the sexual battery, knowing that a black man charged with rape of a white woman could not get a fair jury in Jacksonville. The state objected and, out of the hearing of the jury, the trial judge warned defense counsel against further such argument, saying that it was improper and impugned the integrity of the court and the jury. However, defense counsel immediately resumed the same line of argument, elaborating that, because of societal attitudes toward a white woman having sex with a black man, the man would never be believed. The state again objected, and the court addressed the jury as follows:
Ladies and gentlemen of the jury, the remarks of counsel are entirely inappropriate. This Court is color blind. This court believes that we have a fair jury.
You were sworn to try the case on the facts. The Court believes that this attorney, and I have already admonished him at the bench, is simply trying to prejudice your thinking.
You will please disregard his remarks and try this case as you are sworn to do solely on the evidence that's presented to you and my instructions, not by prejudicial remarks of either counsel made to you in their closing argument.
Counsel, if you pursue this line I have already admonished you, and I will admonish you further. I want you to understand that clearly.
Defense counsel then proceeded with his closing, next pointing out that the state had not called the victim's young child as a witness. Despite evidence that the child had slept through the incident, defense counsel posited that it was "entirely possible the child saw the whole thing," and yet the state had not brought the child in for whatever information might be gained. The state responded in its closing argument that the public defender had subpoena powers equal to the state's, and that "if the child would help the defense case, [the child] would have been here." The court overruled the defense objection that the state was attempting to shift the burden of proof, after the state responded that the defense had opened the door to the remark. The jury later found McDonald guilty.
The testimony of the victim's friend and the investigating officer as to the victim's version of events clearly constituted prior consistent statements of the victim. Section 90.801(2)(b), Florida Statutes (1989) provides that such statements are not hearsay "if the declarant testifies at the trial ... and is subject to cross-examination concerning the statement and the statement is consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive or recent fabrication."
In Jenkins v. State, 547 So.2d 1017 (Fla. 1st DCA 1989), the court held that, because a witness' credibility is always an issue at trial, a general attack on that credibility during cross-examination does not fulfill the requirement of "an express or implied charge of improper influence, motive or recent fabrication." Jenkins at 1021. In this case, while cross-examination of the victim did point out inconsistencies in her pre-trial and trial versions of events, there was no indication that she was changing her story at trial, or of improper influence or a motive to falsify. Therefore, the disputed testimony is not admissible under section 90.801(2)(b). However, we find that certain exceptions to the hearsay rule apply. See, e.g., Adams v. State, 559 So.2d 436, 438 (Fla. 1st DCA 1990) (since § 90.801(2)(b) was inapplicable, the witness should not have been allowed to relate his information unless it otherwise met some recognized exception to the hearsay rule).
Here, the victim's statement to her friend immediately after the attack was admissible under the common-law "first complaint" exception to the hearsay rule in sexual battery cases. See Monarca v. State, 412 So.2d 443, 445 (Fla. 5th DCA 1982) (such statements are admissible to rebut the inference of consent which might be drawn from prolonged silence of the victim). It was also admissible either under section 90.803(1) as "a spontaneous statement describing an event made while *374 the declarant was perceiving the event or immediately thereafter," or section 90.803(2) as "a statement relating to a startling event made while the declarant was under the stress of excitement caused by the event." It was undisputed that the victim made the statement to her friend immediately after the attack, and that she was "hysterical and crying" when doing so.
The applicability of these exceptions to the testimony of the investigating officer is less clear, given the time lapse between the incident and the victim's statement to him. However, in light of the testimony of the victim, of her friend, and of the examining physician that the victim's condition was consistent with forced vaginal penetration, we find that any error in admitting the officer's testimony was harmless.
With regard to the trial judge's rebuke of defense counsel, a trial judge abuses his discretion when his rebukes so severely call into question an attorney's level of advocacy and sense of fairness that the attorney's client is unjustly prejudiced. Wilkerson v. State, 510 So.2d 1253, 1254 (Fla. 1st DCA 1987). Here, the disputed remarks were occasioned by defense counsel's repetition of racially-based statements in his closing argument, despite an initial warning against such remarks, made out of the jury's hearing. While we note that the better practice is to issue any such warning out of the presence of the jury, we do not find that the error is reversible given the nature of defense counsel's remarks, and the comparatively mild tenor of the rebuke.
We turn now to the state's remark in its closing argument upon the defense's failure to call the victim's child as a witness. Where defense counsel comments upon the state's failure to call a witness who is demonstrably competent and available, a reply by the prosecuting attorney that the defense has the same ability to put on the witness does not prejudice the defendant's right to a fair trial. Romero v. State, 435 So.2d 318, 319 (Fla. 4th DCA 1983), cert. den. 447 So.2d 888 (Fla. 1984). See also Lynn v. State, 395 So.2d 621 (Fla. 1st DCA), rev. den. 402 So.2d 611 (Fla. 1981) (although a prosecutorial statement that additional evidence is available though not produced is usually impermissible, this is not the case where the remarks were invited by a statement earlier made by defense counsel, which was met by a reply in kind).
Here, although it was completely unsupported by the evidence, defense counsel implied in closing that the state was suppressing unfavorable evidence by not calling the victim's child. Under the foregoing authority, the state's responsive comment in its closing argument does not constitute reversible error, and we affirm as to this issue.
Affirmed.
ERVIN and MINER, JJ., concur.