BLUE, Judge.
Ollie Mae Richardson appeals her conviction for attempted murder with a firearm. She contends the trial court should have granted her motion for new trial due to the state’s improper final argument. We agree the prosecutor’s rebuttal argument created reversible error, and we remand for a new trial.
The record reflects that the trial court granted the state’s motion in limine prohibiting the defense from commenting on the state’s failure to call witnesses. A potential witness, Fadie Mae Clarkson, was present at the shooting and had been seen with a gun after the shooting. She had been a suspect at one time. Ms. Clarkson was subpoenaed by the defense for deposition but failed to appear. Ms. Clarkson was listed by the state on its witness list and was subpoenaed for trial and again failed to appear. The state had the trial court issue a writ of attachment for Ms. Clarkson, but it was never successfully executed. She did not testify at trial.
During the rebuttal portion of his closing argument, the prosecutor commented on the defendant’s failure to call this witness to testify. In a portion of his comment he stated:
Fadie Mae. Where is Fadie Mae? That is what he wants to know. He served her for deposition. Did they try to serve her for trial? This is trial day. This is where there is a showdown. This is it right now. They never served her for trial. Well, still, where is Fadie Mae?
Commenting that the defense did not call a certain person as a witness is sometimes reversible error. Allen v. State, 320 So.2d 828 (Fla. 4th DCA 1975). When a witness with relevant testimony is equally available to both parties, no inference should be drawn or comments made on the failure of a party to call the witness. State v. Michaels, 454 So.2d 560 (Fla.1984). Ms. Clarkson’s testimony may have been relevant. The witness, however, was equally available, or in this case, equally unavailable to both parties.
Upon review of the record, we conclude the state’s argument that the defendant “opened the door” is without merit. The prosecutor’s comment constituted reversible error, especially in light of the state’s motion in limine to prevent such a comment. The trial court should have granted the defendant’s motion for a new trial.
Reversed and remanded.
LEHAN, C.J., and ALTENBERND, J., concur.