627 So.2d 564 (1993)
Willie LAWYER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2768.
District Court of Appeal of Florida, Fourth District.
December 1, 1993.
*565 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
KLEIN, Judge.
We grant rehearing on our opinion filed June 2, 1993, and substitute the following opinion.
Defendant appeals a conviction of armed robbery, arguing that the prosecutor's reference to defendant's failure to call a witness to testify is error. We reverse.
Defendant was found guilty of robbery of a fast food restaurant that occurred at approximately 1:00 a.m. Defendant did not file a notice of alibi. At trial, however, on redirect examination, defendant testified that at the time of the robbery he was employed at a different restaurant until about 2:30 a.m. when he "got a ride home from the manager". Defendant had not been employed there for at least one year prior to trial. On recross examination the state asked defendant the names of people who worked with him and he identified several people by their full names and the manager only by the name of Ingrid.
During closing argument, defense counsel stated:
Willie took the stand, looked at you right in the face and he said I didn't do it. He told you, I was working that night. I worked until after 2:30. The store closed at 1:00, I cleaned up for about an hour and a half. Willie was working. That's what it boils down to. They got the wrong guy, and I hope you all see that.
Thereafter, the prosecutor in his closing argument stated:

*566 Does that make sense to you? Do you think Willie Lawyer really told Detective Nevins about the people  about his quote alibi, and where are his alibi witnesses. Defense attorney says why doesn't the State bring all this in. His own manager supposed to have taken Willie Lawyer home that night.
Defendant objected, moved for a mistrial, and now argues he is entitled to a new trial.
When a prosecutor refers to a defendant's failure to call witnesses, it may mislead the jury to believe that the defendant has the burden of introducing evidence. Jackson v. State, 575 So.2d 181, 188 (Fla. 1991). It may also violate the constitutional right to remain silent, i.e. the right against self-incrimination. Id. at 188, n. 4. Because the defendant did testify we do not think the right against self-incrimination is implicated here. Whether or not the prosecutor's remarks may have misled the jury as to the burden of introducing evidence is the issue.
In Buckrem v. State, 355 So.2d 111, 112 (Fla. 1978), the defendant testified at trial that he and his wife were at a friend's house at the time of the incident. In closing argument the prosecutor referred to the fact that the wife and friend were not called by the defense, and the supreme court affirmed, quoting with approval from Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975):
Alibi was the crucial defense in this case. If a witness knows material facts which will be helpful to a defendant in making his defense, and the witness is competent and available, the defendant's failure to produce the witness is properly a subject of comment by the prosecutor. This is particularly true if the witness is the spouse of the defendant. 23A C.J.S. Criminal Law § 1099b, page 181; 5 A.L.R.2d 930. At 91. (Emphasis added).
The meaning of "available" is crucial to our determination of whether the prosecutor's comment regarding the manager was improper.
23A C.J.S. Criminal Law § 1099(b), which our supreme court cited as authority in Buckrem, is now § 1266(b), and provides:
Subject to the rule, considered supra § 1265, that a comment by the prosecution on the failure of accused to produce witnesses or evidence is improper if it constitutes a reference to accused's failure to testify, it is generally held that it is not improper for the prosecuting attorney to comment on the failure of accused to produce or use certain witnesses, who are accessible to him or in his control, and who are cognizant of material and relevant facts, and competent to testify thereto, and whose testimony would presumably aid accused or substantiate his story if the story were true, as where, for example, the witnesses referred to are relatives of accused, or are otherwise peculiarly under accused's influence or related in interest to him. (Emphasis added) (Footnotes omitted).
After Buckrem our supreme court next considered the issue in State v. Michaels, 454 So.2d 560, 562 (Fla. 1984). There the defendant testified and claimed that he killed someone in self-defense and to protect his daughter. His daughter was not called to testify and the prosecutor commented on defendant's failure to call her as a witness. The court stated:
The basis for the [Jenkins and Buckrem] rule is that the trier of fact is entitled to hear relevant evidence from available and competent witnesses. When such witnesses are equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness. Here, however, the witness was the daughter of the defendant. She was not "equally available" to the prosecution because of the parent-child relationship which would normally bias her toward supporting her father's defenses. The Buckrem rationale is applicable under these circumstances. (Emphasis added).
The latest supreme court case involving this issue is Jackson v. State, 575 So.2d 181, 188 (Fla. 1991). In that case the defendant did not testify; however, the state put on evidence which tended to indicate that defendant's mother could have shed light on defendant's guilt. The prosecutor commented in closing argument about the fact that the *567 defendant did not call his mother to testify. The court stated:
It is well settled that due process requires the state to prove every element of a crime beyond a reasonable doubt, and that a defendant has no obligation to present witnesses. Accordingly, the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence. However, this Court has applied a narrow exception to allow comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state. A witness is not equally available when there is a special relationship between the defendant and the witness. State v. Michaels, 454 So.2d 560, 562 (Fla. 1984); Buckrem v. State, 355 So.2d 111, 112 (Fla. 1978); see also Brown v. State, 524 So.2d 730, 731 (Fla. 4th DCA 1988); Romero v. State, 435 So.2d 318, 319 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984); Jenkins v. State, 317 So.2d 90, 91 (Fla. 1st DCA 1975). (Emphasis added).
The court further stated:
In the instant case, Jackson put on no evidence in the guilt phase, nor did he put into issue any particular theory of defense to which his mother could have related relevant testimony. Jackson had no burden to present evidence, and he chose not to do so. Under those circumstances, the witness's special relationship to Jackson was irrelevant, and the trial court erred by allowing the state to bring the witness's absence into issue in its closing argument.
We conclude from Jackson that the rule in this state is that the prosecution can comment on a defendant's failure to produce a witness only if: (1) the defendant puts on evidence of defenses such as alibi or self-defense which reflects the existence of a witness who could give relevant testimony and, (2) that witness has a special relationship with the defendant. We interpret the emphasized language quoted above from Jackson as eliminating any arguable distinction between a witness classified as "not equally available" to the defendant and a witness who has a "special relationship" with the defendant. They are simply different ways of saying the same thing.
There is nothing in the record in the present case to reflect that the manager at this defendant's former place of employment, a year earlier, had a "special relationship" with the defendant so as to permit the prosecutor to comment. Jackson, 575 So.2d at 188.
As Judge Hersey's dissent indicates, this area of the law is not without confusion. In Highsmith v. State, 580 So.2d 234, 236 (Fla. 1st DCA), rev. denied, 589 So.2d 291 (Fla. 1991), the defendant testified that the disputed facts leading to his arrest occurred in the presence of two named individuals. The prosecutor commented on defendant's failure to offer their testimony, and the first district affirmed stating that the comment is proper if the defendant makes it appear that potential witnesses could exonerate him, without discussing the relationship of the witnesses to the defendant. Judge Ervin dissented, stating that the defendant's decision to take the stand and testify did not open the door to this type of comment and that the witnesses referred to by the prosecutor were not witnesses who would be assumed to be favorable to the defendant.
McDonald v. State, 578 So.2d 371 (Fla. 1st DCA 1991), cannot be reconciled with what we believe to be the correct rule, because in that case  an alleged rape in which the defendant claimed the victim had consented  the missing witness to which the prosecutor referred was the child of the victim, yet the conviction was affirmed. Highsmith and McDonald[1] were decided by the first district shortly after Jackson was decided by the supreme court, however, neither referred to Jackson.
There are other district courts of appeal opinions which appear to generally stand for *568 the proposition that where the defendant testifies, the prosecutor can comment on the failure to call a witness. While these opinions did not discuss availability or the relationship of the defendant to the witnesses, they involved witnesses who were relatives or friends thus perhaps meeting the Jackson criteria: Hall v. State, 470 So.2d 796 (Fla. 4th DCA 1985) (the uncalled witness was defendant's girlfriend); Simmons v. State, 463 So.2d 423, 424 (Fla. 3d DCA 1985) (the witness was a friend "within the peculiar power of the defendant to produce"); and Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983) (defendant testified that at the time of the crime he was in the home of his girlfriend's family). While these opinions have not turned on whether the missing witnesses must be more available to the defendant, we believe that Jackson and Michaels clearly require it.
The federal counterpart to this rule permits the prosecutor to comment on defendant's failure to call witnesses if they are more within the control of the defendant than the government, and vice versa.
The rule ... is that, if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable.
Graves v. United States, 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1893).
Although Graves said there was a presumption, the courts have treated it as an inference. United States v. Mahone, 537 F.2d 922 (7th Cir.1976); Burgess v. United States, 440 F.2d 226 (D.C. Cir.1970). In federal courts, if a party (government or defendant) fails to call a witness peculiarly within that party's power to produce, the court may instruct the jury that there is an inference that the uncalled witness's testimony would be unfavorable to that party. Mahone, at 928. Counsel cannot comment on the absence of a witness except under the same circumstances that the inference instruction would be appropriate. See, Wynn v. United States, 397 F.2d 621 (D.C. Cir.1967); Pennewell v. United States, 353 F.2d 870 (D.C. Cir.1965); Richards v. United States, 275 F.2d 655, 657-658 (D.C. Cir.), cert. denied, 363 U.S. 815, 80 S.Ct. 1253, 4 L.Ed.2d 1155 (1960).
Notwithstanding the existence of this rule in the federal courts for over a century, it has resulted in confusion there, just as it has in Florida. In U.S. v. Sblendorio, 830 F.2d 1382 (7th Cir.1987), the court observed that the "conflict leaves lawyers and district courts at sea." Id. at 1393. The court recognized that it had authored conflicting opinions on at least three different aspects of the application of the rule. The seventh circuit overruled some of its decisions, but specifically adhered to its earlier decisions requiring that the uncalled witness be within the control of the defendant before the government can comment. United States v. Buchbinder, 796 F.2d 910, 919 (7th Cir.1986); United States v. Williams, 739 F.2d 297, 299 (7th Cir.1984).
Because of the frequency with which this issue arises, and the confusion it has engendered, we recommend that before a prosecutor comments about the defendant's failure to call a witness, a ruling from the trial court should be obtained. This procedure, suggested in Gass v. United States, 416 F.2d 767 (D.C. Cir.1969), would decrease the chances of an improper comment, and could also provide a record of the relationship between the defendant and the uncalled witness.
Reversed.
FARMER, J., concurs.
HERSEY, J., dissents with opinion.
HERSEY, Judge, dissenting.
The majority opinion sets out the general rule which, paraphrased here, provides that the prosecutor may not ordinarily comment upon the failure of the defense to present witnesses. The prophylactic purpose of the rule is said to be twofold: to prevent the state from trampling upon the right of an accused to remain silent, and to avoid conveying to the jury the impression that the accused has some burden of proof as to the elements of the crime. Neither rationale applies with full force here. First, appellant chose to take the stand and testify, thus *569 electing not to stand mute. Second, he interposed the defense of alibi as to which he necessarily assumed the burden of going forward with the evidence. Even so, the prosecutor must still beware of comments that would mislead the jury as to the burden of proof on the essential elements of the crime.
The majority also recognizes that there are certain narrowly defined exceptions to the general rule, exemplified by such cases as Romero v. State, 435 So.2d 318, 319 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984), Jackson v. State, 575 So.2d 181, 188 (Fla. 1991), and Highsmith v. State, 580 So.2d 234, 236 (Fla. 1st DCA), rev. denied, 589 So.2d 291 (Fla. 1991), among others.
This dissent's point of departure from the majority opinion occurs when the majority begins its discussion of whether witnesses are "competent and available." The term "available" has come to have different meanings within the context of this rule and its exceptions. The majority predicates that a witness must be "competent and available" before a defendant can be expected to call that witness. More pertinent, however, is the use of the term "available" in the inquiry: is such witness "equally available to both parties," an affirmative response to which precludes the state, in most instances, from commenting upon the failure of the defense to call that witness. See, e.g., Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975), and Jackson.
As noted by the majority, there was no Notice of Alibi filed in this case. In fact, the stated defense was misidentification. Not until the defendant/appellant took the stand and testified was it evident that he would rely upon the fact that certain of his coworkers and the manager of his place of employment could testify that he was not at the scene of the crime. As far as can be determined on this record, the state had no advance notice that appellant's manager allegedly gave him a ride home. That being so, how can it possibly be said that the manager was a witness "equally available to both parties"?
Appellant could as well have said without any prior warning that he was at a church supper in the presence of members of the clergy who could testify as to his whereabouts at the time the crime was being committed. Or that he was visiting a sick friend in the presence of a physician and several special-duty nurses. Are all these people "equally available" as witnesses for the prosecutor who is totally unaware of their involvement in the case? Sufficient hyperbole ... the suggested answer is that an individual can be equally available to both parties only where both parties are equally aware that the individual has witnessed some fact or event relevant to the issues in the case and of the possibility that the defense may bring this to the attention of the fact-finder. Failing that test, the prosecutor should be entitled to comment under the rationale of Jackson and related cases. If not, then the defense has a license to commit perjury and the search for truth in the judicial process is frustrated by default.
For the foregoing reasons I respectfully dissent. I would affirm the conviction and sentence.
NOTES
[1] We hereby certify conflict between this opinion and Highsmith and McDonald.