635 So.2d 89 (1994)
Hugh Willard MESSEC, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2138.
District Court of Appeal of Florida, Fourth District.
February 2, 1994.
Rehearing Denied May 17, 1994.
*90 Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
Defendant appeals a conviction for two counts of armed robbery, two counts of armed kidnapping, and one count of armed burglary, raising nine separate points on appeal. After a consideration of all nine points, we affirm the judgment below; however, defendant's Point II on appeal warrants some additional discussion.
The defendant argues that the trial court should have granted a mistrial based on the prosecutor's comment during closing argument on the defense's failure to call a fingerprint expert. The prosecutor commented as follows:
If there was any question in anybody's mind that Elaine Stranieri[1] was right, you would have a speckled [sic] looking expert here on the defense side of the case saying that it is wrong.
The defendant correctly asserts that error occurred, based on the supreme court's holding in Jackson v. State, 575 So.2d 181, 188 (Fla. 1991). In Jackson, the court held that absent certain exceptions, the state cannot comment on a defendant's failure to produce evidence to refute an element of a crime, because doing so could erroneously lead the jury to believe that the defendant had the burden of producing evidence. These exceptions, which are inapplicable at bar, include those situations where the defendant asserts the defense of alibi, self-defense, and defense of others, relying on facts which could only be elicited from a witness that is not equally available to the state. 575 So.2d at 188. See also Jones v. State, 522 So.2d 981, 983 (Fla. 1st DCA 1988) (holding that comment on the defendant's failure to call an expert witness may have led the jury to believe that the appellant had the burden of introducing evidence to prove his innocence); and Romero v. State, 435 So.2d 318, 319 (Fla. 4th DCA 1983) (recognizing that reference by the prosecutor to the defendant's failure to call witnesses impinges on both the defendant's constitutional right to remain silent and the requirement that the state prove guilt beyond a reasonable doubt).
However, in spite of the state's improper comment on the defendant's failure to call the fingerprint expert, any such error was harmless. In Romero, 435 So.2d at 319, this court recognized that where there is ample evidence of a defendant's guilt, a prosecutor's comment on the defendant's failure to call an expert witness, may be rendered *91 harmless. In State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), the supreme court recognized that the harmless error test can be applied to a prosecutor's comments on the defendant's failure to testify only if the state can prove beyond a reasonable doubt that the error complained of did not contribute to the verdict. Application of this test requires an examination of the entire record by the appellate court, including an examination of the permissible evidence on which the jury could have relied, as well as an examination of the impermissible evidence that could have influenced the jury. Id. at 1129. An examination of the record at bar reveals substantial permissible evidence implicating the defendant. First, a fingerprint lifted from the scene was positively identified as the defendant's. In addition, the defendant was identified by one of the victims, as well as by his accomplice. The ample evidence placing the defendant at the scene of the crime leads to the conclusion that the error complained of did not contribute to the verdict. Accordingly, we affirm the judgment and sentence rendered below.
HERSEY, J., concurs.
PARIENTE, J., dissents with opinion.
PARIENTE, Judge, dissenting.
The majority recognizes that the prosecutor's reference to the failure of the defendant to call a fingerprint expert was clearly erroneous. In my opinion, the impermissible argument may have led the jury to believe that the defendant had the burden of producing evidence that the fingerprints at the scene were not his.
In this case, the error was especially critical. The defendant did not take the stand to testify. Therefore, the reference by the prosecutor to the defendant's failure to call an expert witness to contradict the fingerprint identification infringed on his right to remain silent. See Jackson v. State, 575 So.2d 181, 188 n. 4 (Fla. 1991); Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983).
There was evidence of guilt, including testimony identifying the defendant from one of the victims and from an alleged accomplice. I would not characterize the evidence as overwhelming. One of the two victims was unable to identify the defendant as the second intruder. The victim who made the identification had only a brief period to view the second intruder. The victim had been bound with tape, poked with a gun and threatened with death by an initial intruder, and therefore, was under extreme stress at the time of identification. The accomplice, who allegedly drove defendants to the crime scene, was shown to have a motive to lie.
On the other hand, the defendant produced a credible alibi witness who testified that the defendant worked for him as a day laborer in St. Petersburg on the day in question until 6:00 p.m. The crime occurred in Hollywood at approximately 8:00 p.m. the same day.
The only objective evidence linking the defendant to the scene was the fingerprint identification. It was this identification that the state sought to bolster by its improper closing argument that the identification must be correct or the defendant would have someone there to refute it. The impermissible argument was clearly intended to influence the jury on the crucial issue of fingerprint identification, and thus, establish the defendant's guilt.
The majority has cited the harmless error rule of State v. DiGuilio, 491 So.2d 1129, 1136-1139 (Fla. 1986). The DiGuilio harmless error test preserves the constitutional right to a fair trial only if the state can prove beyond a reasonable doubt that the specific error did not contribute to the verdict Id. at 1139. The harmless error test must be strictly applied to serve as a strong deterrent against prosecutors, inadvertently or advertently, commenting on the accused's silence. Id. In my opinion, a review of the entire record in this case does not support a conclusion beyond a reasonable doubt that the error did not contribute to the conviction. Therefore, I would reverse.
NOTES
[1] Elaine Stranieri was the state's fingerprint expert.