753 So.2d 570 (1999)
Charles HOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2995.
District Court of Appeal of Florida, Fourth District.
September 1, 1999.
Richard L. Jorandby, Public Defender, and Christopher A. Haddad, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of burglary of a dwelling. He argues that the trial court erred in allowing the state to comment on the fact that a person who allegedly gave appellant permission to be in the dwelling was not called to testify. We agree and reverse because the comments could have caused the jury to erroneously believe that the appellant had the burden of proving his innocence.
At his trial, appellant testified that he was a homeless person, that he took his meals at a church, and that he had met *571 another homeless person named Ted Hanson at the church. Hanson told appellant that he was staying at an unoccupied house which he had permission to be in, and that appellant could stay there as well. Appellant went to the house, found it unoccupied, and entered through an open side door. He was found there by the police who had been alerted by a neighbor.
On cross examination of appellant, the state brought out, over appellant's objection, that Ted Hanson was not "here to testify," and referred a number of times to Hanson in closing argument.
When the state points out that a defendant has not produced a witness, it can mislead the jury into thinking that the defendant has the burden of demonstrating his innocence. Jackson v. State, 575 So.2d 181, 188 (Fla.1991). There is an exception to this rule, which our supreme court explained in Jackson:
It is well settled that due process requires the state to prove every element of a crime beyond a reasonable doubt, and that a defendant has no obligation to present witnesses. Accordingly, the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence. However, this Court has applied a narrow exception to allow comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state. A witness is not equally available when there is a special relationship between the defendant and the witness. (Emphasis added).
In Lawyer v. State, 627 So.2d 564 (Fla. 4th DCA 1993), the defendant was charged with a robbery that had occurred at approximately 1:00 A.M. At trial he testified that he had been working at a restaurant until 2:30 A.M. and was then given a ride home by the manager. The court, over defendant's objection, allowed the state to comment that the defendant had not produced any witnesses to support his alibi. We reversed for a new trial, concluding that the manager of defendant's former place of employment was not in a special relationship with the defendant so as to permit the state to comment. In Lawyer we interpreted Jackson to mean that a witness who is "not equally available to the state" means a witness who has a "special relationship" with the defendant. Id. at 567.
We followed Lawyer in Thomas v. State, 726 So.2d 369 (Fla. 4th DCA 1999), in which defendant's girlfriend had testified that the reason she and the appellant were in a high crime area known for extensive drug activity was because they were taking her co-employee home. In closing, the prosecutor commented on the absence of the co-employee as a witness. We concluded, based on Jackson and Lawyer, that there was no special relationship, and the comment should not have been permitted.
Judge Hersey, who dissented in Lawyer, would have followed Highsmith v. State, 580 So.2d 234 (Fla. 1st DCA 1991). In Highsmith the defendant testified that the disputed facts leading to his arrest occurred in the presence of two named individuals, but did not call them as witnesses. The first district approved the prosecutor commenting on the defendant's failure to produce those witnesses without discussing the relationship of them to the defendant. Judge Ervin dissented, pointing out that these were not witnesses who should be assumed would testify in favor of the defendant.
Similarly, in McDonald v. State, 578 So.2d 371 (Fla. 1st DCA 1991), the court held that the state could comment about a missing witness, where the missing witness was the child of the victim of an alleged rape. As in Highsmith, the court did not require a special relationship. We *572 believe that Highsmith and McDonald, which were decided shortly after our supreme court decided Jackson, are inconsistent with Jackson.
Our supreme court addressed this issue twice before it decided Jackson. In Buckrem v. State, 355 So.2d 111 (Fla.1978), the defendant testified at trial that he and his wife were at a friend's house at the time of the incident. The court approved the prosecutor commenting on the fact that the wife and friend were not called by the defense. In State v. Michaels, 454 So.2d 560, 562 (Fla.1984), the court also allowed the comment because the missing witness was the defendant's daughter. In Jackson the missing witness was the defendant's mother.
Thus, in all of the supreme court cases, Michaels, Buckrem, and Jackson, the witnesses were in relationships with the defendant so that they would have been expected to testify favorably for him. We conclude that this is a necessary requirement, in order for the state to comment, and certify conflict with Highsmith and McDonald.
We have considered the remaining issues raised by appellant and find them to be without merit. The state's comments, however, are constitutional error, and we cannot say that they were harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We reverse and remand for a new trial.
STEVENSON, J., concurs.
STONE, J., concurs specially with opinion.
STONE, J., concurring specially.
I concur separately only to note that were I writing on a clean slate, I would agree with Judge Hersey's dissent in Lawyer and would follow Highsmith, particularly where the defendant has raised for the first time in trial a theory of defense supportable only by a phantom witness and the state's comments are directed at the absent witness and not directly asserting that the defendant has a burden of proof.