# Third District Court of Appeal

## State of Florida

Opinion filed October 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1925
Lower Tribunal No. F18-3191
_____

**Khiary DeJuan Mintz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager and Nicholas A. Lynch, Assistant Public Defenders, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Khiary DeJuan Mintz's ("Mintz") appeals his conviction and sentence for attempted second degree murder. We have jurisdiction. Fla. R. App. P. 9.130(b)(1)(A). Mintz asserts the trial court abused its discretion in denying his motion for a new trial because the State impermissibly shifted the burden of proof in closing argument.[1] Because the State's comments were permissible logical inferences from the evidence, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Mintz was tried for attempted second degree murder for stabbing the victim in his back, neck and face. At trial, the victim testified Mintz was his only attacker, that the crime occurred in the backseat of the victim's mother's car and that no one else was present in the backseat during the attack. Defense counsel asserted in closing argument that while Mintz and the victim met, Mintz left prior to the victim being injured. Defense counsel argued the victim then met with a white male named Kenneth Logan, whose bus identification card was found in the backseat of the victim's mother's car—alluding to a strawman defense.[2]

---

[1] Although Mintz has raised additional claims of improper comment or improper testimony, we write solely to address the alleged burden-shifting comments discussed in this opinion. To the extent any of Mintz's remaining claims have merit, we conclude they were either not properly preserved or constitute harmless error.

[2] A straw man argument is the logical fallacy of distorting an opposing position into an extreme version of itself. See Black's Law Dictionary (11th

During rebuttal argument, the State argued the identification found in the car could be fake or Mintz could have dropped the ID while he was perpetrating the crime. Defense counsel objected, arguing the comments were tantamount to burden shifting. The jury found Mintz guilty of attempted second-degree murder. Defense counsel moved for mistrial contending a new trial was necessary because among other reasons, the prosecutor made burden shifting comments. The trial court denied the defendant's motion for mistrial. This appeal followed.

**LEGAL ANALYSIS**

"A trial court's ruling on a motion for a mistrial is within the sound discretion of the court and will be sustained on review absent an abuse of discretion." Ford v. State, 802 So. 2d 1121, 1129 (Fla. 2001).[3] "The primary purpose of closing argument is to give the parties an opportunity to summarize the evidence and explain how the facts derived therefrom should be applied to the law as instructed by the trial court." McArthur v. State, 801

_____

ed. 2019) (defining "straw man" as "1. A fictitious person, esp. one that is weak or flawed. 2. A tenuous and exaggerated counterargument that an advocate makes for the sole purpose of disproving it. — Also termed *straw-man argument*.").

[3] We find the alleged burden shifting comments were properly preserved for appeal. Spencer v. State, 645 So. 2d 377, 383 (Fla. 1994) (holding "[t]he issue [of an improper comment] is preserved if the defendant makes a timely specific objection and moves for a mistrial.").

So. 2d 1037, 1039 (Fla. 5th DCA 2001). "In closing argument, counsel is permitted to review the evidence and fairly discuss and comment upon properly admitted testimony and logical inferences from that evidence." Conahan v. State, 844 So. 2d 629, 640 (Fla. 2003). "The proper exercise of closing argument is to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence." Mann v. State, 603 So. 2d 1141, 1143 (Fla. 1992) (quoting Bertolotti v. State, 476 So. 2d 130, 134 (Fla. 1985)).

Mintz argues the trial court abused its discretion in denying his motion for mistrial because allowing such comments could have erroneously led the jury to believe the defendant carried the burden of introducing evidence. The victim testified at trial he did not know an individual named Kenneth Logan, the victim did not bring the identification inside the car and the victim and the defendant were the only two individuals in the car during the attack. Here, the comments made during closing argument were logical inferences of the evidence and in no way shifted the burden of proof. [4] We therefore find the

---

[4] We note the State did not comment on the defense's failure to call a witness or make any additional comment that may have misled the jury into expecting the defense to produce evidence to refute Logan's presence or lack thereof. See Jackson v. State, 575 So. 2d 181, 188 (Fla. 1991) (reversing where the prosecutor commented as to the defendant's failure to call a particular witness to testify); Hogan v. State, 753 So. 2d 570, 571 (Fla. 4th DCA 1999) ("When the state points out that a defendant has not produced a witness, it

4

State's comments were not tantamount to burden shifting.  Mitchell v. State, 771 So. 2d 596, 598 (Fla. 3d DCA 2000) (affirming the denial of a mistrial finding "[t]he objected-to remarks were fair comment and did not constitute impermissible arguments that shifted the burden of proof").

Affirmed.

---

can mislead the jury into thinking that the defendant has the burden of demonstrating his innocence."); Davis v. State, 744 So. 2d 1091, 1094 (Fla. 5th DCA 1999) ("[T]he State cannot comment on a defendant's failure to produce evidence to refute an element of the crime charged.").