558 So.2d 529 (1990)
Johnnie CROWLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1396.
District Court of Appeal of Florida, Fourth District.
March 28, 1990.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Johnnie Crowley, was found guilty of possession of cocaine and of resisting arrest without violence and sentenced to seven years' imprisonment on the cocaine charge and time served upon the charge of resisting arrest.
Six points are presented on appeal, two of which we hold require reversal for a new trial.
Without reciting the facts in undue detail, suffice to say that Officer Crew, while on routine patrol in a residential area in Pompano Beach, observed various vehicles approach Crowley and some sort of transaction appeared to take place. Crowley *530 appeared to put something into the cars and the occupants would give Crowley something in exchange. Crew stopped his police car and approached Crowley to investigate. As he neared Crowley, he noticed Crowley holding a clear plastic bag in his hand containing what appeared to be cocaine rocks. When Crowley noticed Crew approaching he dropped the bag. Crowley denied dropping the bag, but Crew placed him under arrest after some serious physical resistance from Crowley.
At trial, Crowley took the stand and testified that he was at his fiancee's house when he heard some voices outside. He went out to see who was there and found a woman and three men, one of whom was a friend of his. As they were chatting, Crowley and the others noticed the police approaching, resulting in several of the others walking away.
During the course of Crowley's direct examination, his counsel inquired if Crowley had ever been convicted of a felony, to which Crowley answered that he had been convicted twice. On cross-examination Crowley reiterated that he had two felony convictions. He was quite certain. The prosecutor asked the nature of the convictions and, over objection, the defendant was required to state that one was aggravated assault and the other was attempted burglary. When he confirmed that these were his only felony convictions, the state presented Crowley with certified copies of seven felony convictions which Crowley then conceded were accurate. After he admitted that there were seven felony convictions, the prosecutor proceeded to inquire into the nature of the crimes. Since Crowley admitted, though somewhat belatedly, his conviction of seven felonies, it was error for the prosecutor to inquire about the nature of the crimes. Goodman v. State, 336 So.2d 1264 (Fla. 4th DCA 1976).
A more serious error was committed during the prosecutor's closing argument to the jury. Since Crowley was the only witness produced by the defense, he was entitled to the opening and closing argument. In presenting his opening argument, defense counsel never made any reference to the failure of the state to call any of the other witnesses who had been present when the police approached the group and arrested Crowley. However, the prosecutor in his closing argument made a definite point of the fact that the defense failed to call any of those people present at the scene, at least one of whom was Crowley's good friend, to corroborate Crowley's story that the drugs found on the ground were not his. Paraphrased, the prosecutor stated the defense has the same subpoena power as the state. He pointed out that Crowley said he was talking to some friends outside the home of Crowley's fiancee. At this point, defense counsel objected that the state was attempting to make it appear the defendant had the burden of proving his innocence. The trial court overruled the objection. Thus, the prosecutor stated that Crowley had "testified these people were present at the scene, they saw what was going down, they are friends of Mr. Crowley's. But where are they?" He pointed out that every possible argument had been made and the jury could bet that, if there were anybody out there that could vouch for Crowley's version of the facts, they would have been called to testify.
The rule is well settled that it is never the defendant's duty to establish his innocence. Davis v. State, 90 So.2d 629 (Fla. 1956). This court explained the rationale involved in the rule and its limitations very nicely in Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), in the following fashion:
Reference by the prosecuting attorney to a criminal defendant's failure to call certain witnesses impinges primarily upon two related constitutional rights. The first is the defendant's right to remain silent which places a concommitant obligation on the state not to comment on the defendant's exercise of that right. In this context, such a comment is prejudicial error. The second is the presumption of innocence, again to be considered together with the state's obligation to come forward with evidence sufficient to *531 prove the defendant guilty beyond a reasonable doubt. Thus, a comment that indicates to the jury that the defendant has the burden of proof on any aspect of the case will constitute reversible error.
From these concerns has evolved the general rule that such comments constitute prejudicial and therefore reversible error. On the other hand, where there is ample evidence of guilt, circumstances may render such an error harmless.
In addition to the harmless error doctrine, certain exceptions have been engrafted onto the rule by the cases. Our research indicates that some aspect of the doctrine of invited error underlies most, if not all, of these alleged exceptions.
Where defense counsel commented upon the state's failure to call a witness who was demonstrably competent and available, a reply by the prosecuting attorney that the defense had the same ability to put on the witness was held not to prejudice the defendant's right to a fair trial.
... .
The rationale which emerges from these cases is that a prosecuting attorney may comment upon the failure of the defense to call a witness who has been demonstrated to be competent and available where the defendant's own presentation relies upon facts which could only be elicited from such witness whose testimony consequently is assumed to be relevant, material and favorable to the defense. One obvious reason for such exception is that otherwise the jury will be misled, as, for example, when the defense refers to an alibi witness and none is called to testify.
Id. at 319-320 (Citations omitted.). We have carefully examined the argument of counsel here and find that the state's argument was not invited. The defense carefully avoided opening the door to any such reply. Thus, the exception to the rule does not apply in this factual scenario and unfortunately we believe these errors deprived Crowley of a fair trial.
Accordingly, the judgment of conviction and sentences are reversed and the cause is remanded for a new trial.
STONE and GARRETT, JJ., concur.