649 So.2d 908 (1995)
Wayne Steven BATES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3036.
District Court of Appeal of Florida, Fourth District.
February 1, 1995.
*909 Richard L. Jorandby, Public Defender, and Tanja Ostapoff and Pamala Hanna, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse appellant's conviction and sentence for aggravated assault on police officers, agreeing with him that the state's improper comment on his mother's failure to testify may have led the jury to believe that appellant had the burden of proving his innocence.
Appellant was charged with three counts of aggravated assault on a law enforcement officer. The incident arose after three officers were dispatched to the home where appellant and his mother lived. Appellant verbally and physically threatened all three officers. His defense was that his voluntary intoxication precluded him from forming the requisite intent to assault the officers. Appellant testified in his defense but offered no other witnesses.
While commenting on appellant's intoxication defense in closing, the state argued as follows:
Mind you the mother was there. She was listed as a Defense witness. I'm not going to ask you to speculate what she might have said, but she could have testified how much he had to drink. She was also listed as a State witness. We elected not to call her. We fully expected her to testify. It would have given me an opportunity to go first and last 
Defense counsel objected, but the court overruled the objection after the state argued that it was anticipating defense counsel's argument on rebuttal that the state did not call a witness.
The state continued, arguing:
Defense counsel may argue why didn't I call Mrs. Bates as well. Now ladies and gentlemen, that's his mother. That's his mother. Through thick and thin, bad and good, tough times and good times, that's his mother. And if she was listed as a Defense witness the State's going to expect her to be called. And if I don't call her it's because I want to go first and last in closing argument. This was a tactical choice by the Defendant so he can go first and last. *910 So what is this evidence about being intoxicated. Well, you know, just being intoxicated isn't enough....
Generally, comments by a prosecutor in closing that the defendant has failed to call a witness are reversible error, as they may lead the jury to believe that the defendant has the burden of proving his innocence. Crowley v. State, 558 So.2d 529, 531 (Fla. 4th DCA 1990). The supreme court has carved out a narrow exception within which the state is permitted to draw an adverse inference to a defendant based on the defendant's failure to call a witness. The exception applies when the defendant voluntarily assumes some burden of proof by asserting a defense that requires him to rely on facts that could be elicited only from a witness who is not equally available to the state. Jackson v. State, 575 So.2d 181 (Fla. 1991). Appellant contends that the special relationship exception does not apply to this case because his defense was voluntary intoxication and not alibi, self-defense, or defense of others, defenses necessarily dependent on the existence of another person to give relevant testimony. Id. at 188. While a special relationship existed in that the witness was appellant's mother, appellant's defense did not rely on facts which could be proved only by his mother. The officers at the scene were able to testify regarding their impressions of his intoxication. Therefore, even if the mother had relevant evidence on the issue of the defense, the appellant did not need to rely solely on his mother's testimony to present his defense.
Finding that the comment was harmful error, we reverse and remand for a new trial.
GLICKSTEIN, J., and ALVAREZ, RONALD V., Associate Judge, concur.
WARNER, J., dissents with opinion.
WARNER, Judge, dissenting.
I believe the state's comment was permissible under Jackson v. State, 575 So.2d 181 (Fla. 1991), as appellant testified that the mother was present during his afternoon drinking bout prior to the arrival of the officers. Therefore, she had relevant evidence unavailable to the state from another source. I would affirm.