653 So.2d 1110 (1995)
Neville JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3571.
District Court of Appeal of Florida, Fourth District.
April 19, 1995.
*1111 Neal A. Dupree of the Law Offices of Neal A. Dupree, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
Because due process requires the state to prove its case beyond a reasonable doubt, a prosecutor cannot generally comment on the defendant's failure to produce witnesses, since it can mislead the jury in regard to who has the burden of proof. Jackson v. State, 575 So.2d 181, 188 (Fla. 1991). The prosecutor's remarks in this case require us to reverse appellant's conviction and remand for a new trial.
Appellant, who was charged with second degree murder in connection with a killing that occurred during a drug transaction, did not take the stand, but put on one witness, Lawanda Rolle. She testified that shortly after the victim was shot and killed, she heard Sherman Higgs make a statement to the effect that Higgs had done the killing. She also testified that two people nicknamed "Naydog" and "Moosie" were present when Higgs made the statement.
In closing argument the prosecutor referred to the testimony of Lawanda Rolle:
Well, I had to ask her some questions, and one of the things I asked her about was had she been pressured in testifying and giving any kind of testimony. No, no kind of pressure. And they called  Mr. Kollin called Lawanda Rolle, the 17-year-old girl, and they rested, that's all.
Didn't call Naydog. Naydog was right there with her. You've got a right to ask why not. They didn't call Moosie, who is Naydog's sister, who is also supposed to be there that night, who is also supposed to be hearing Sherman Rod Higgs saying these things.
Defense counsel objected at this point, correctly arguing that the remark was an attempt to shift the burden of proof, but the court merely advised the jury that the lawyer's arguments were not evidence. A further attempt by defense counsel to pursue the issue was also fruitless.
When a prosecutor refers to a defendant's failure to call witnesses, it may mislead the jury into believing that the defendant has the burden of introducing evidence. Jackson, 575 So.2d at 188. It may also violate the defendant's constitutional right to remain silent, i.e., the right against self-incrimination. Id. at 188, n. 4.
As our supreme court explained in Jackson:
It is well settled that due process requires the state to prove every element of a crime beyond a reasonable doubt, and that a defendant has no obligation to present witnesses. Accordingly, the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence. However, this Court has applied a narrow exception to allow comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state. A witness is not equally available when there is a special relationship between the defendant and the witness. ... (Emphasis added).
Id. at 188. (Citations omitted).
There is nothing in the record in the present case to reflect that the two witnesses and appellant had the type of relationship which would have made the prosecutor's comment permissible.[1] It was, therefore, clearly improper. And, because the testimony of the witnesses, most of whom admittedly used and sold drugs, was conflicting, we cannot say that there is no reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). We therefore reverse for a new trial.
*1112 In DiGuilio our supreme court characterized a comment on a defendant's silence as a "high risk" error which has a "substantial likelihood" of requiring a new trial. Id. at 1136. It follows that reference to a defendant's failure to produce witnesses would be similarly risky because it can mislead the jury as to the state's burden of proving its case beyond a reasonable doubt, a due process right. In addition, a comment on the defendant's failure to produce witnesses may also be interpreted as a comment on defendant's silence. Jackson, 575 So.2d at 188.
Although our supreme court in Jackson clarified the principle involved in the present case, there is still judicial disagreement as to precisely when the prosecutor may comment. See, e.g. Lawyer v. State, 627 So.2d 564 (Fla. 4th DCA 1993) and Bates v. State, 649 So.2d 908 (Fla. 4th DCA 1995). We thus repeat the suggestion that we made in Lawyer, which is that a prosecutor should obtain a ruling from the trial court before commenting on a defendant's failure to call a witness. That would give the court an opportunity to determine whether the comments would be proper under the Jackson criteria, and provide a record of the relationship between the defendant and the witness who was not called. See Gass v. U.S., 416 F.2d 767 (D.C. Cir.1969).
Reversed.
DELL, C.J., and GUNTHER, J., concur.
NOTES
[1] See State v. Michaels, 454 So.2d 560 (Fla. 1984) (state's comment on defendants' failure to call daughter to corroborate killing was in self-defense permissible).