726 So.2d 369 (1999)
Eugene THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0672
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
Rehearing Denied February 3, 1999.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
STONE, C.J.
We deny Appellant's motion for rehearing, but withdraw our opinion of September 10, 1997, and substitute the following opinion:
We affirm Appellant's conviction for tampering with evidence by swallowing a substance that appeared to be rock cocaine in the course of a police investigation. The evidence reflects that three police officers approached a car that was stopped in the middle of the road with its lights off and engine running, at night, in a high crime area known for extensive drug activity. Appellant was a passenger; his girlfriend was the driver. As officers asked the girlfriend for her *370 license and registration, Appellant became nervous and fidgety. An officer told Appellant several times to keep his hands up where they could see them. Appellant was then directed to get out of the car, but he did not comply.
All three officers testified that Appellant then placed rock cocaine into his mouth and washed it down with beer. One officer testified that when Appellant got out of the car he said, "all you got on me now is a misdemeanor." Another testified that Appellant got out of the car laughing, and said, "you don't have anything on me, you don't have any drugs."
The sole witness for the defense, the girlfriend, testified that they were in the area because a busboy she worked with, whose name she did not know, asked for a ride home. The witness did not know where the busboy was at the time of trial and they no longer worked at the same restaurant. She said that after dropping the busboy off at an apartment complex, her car stalled. She stated that she then put the car in park, turned the headlights off, and restarted the engine. At that time, the officers appeared. The girlfriend also testified that Appellant did not swallow cocaine. Rather, Appellant had what appeared to be a "slip-on" or "clip-on" tooth which he put in his mouth while drinking a beer. The girlfriend did not know whether he had swallowed the tooth. References to the busboy were also brought out in defense counsel's opening statement and closing argument. The witness acknowledged that Appellant did not attempt to get out of the car when instructed to do so by the officers, claiming that he could not open the passenger door because the motor was off.
This appeal centers upon a remark by the prosecutor, in the rebuttal portion of her closing argument, that "They told you that she had gone there into this unknown neighborhood to drop off a busboy. Where is this busboy today? I don't know." Defense counsel objected and moved for mistrial. The trial court reserved its ruling on the motion, but immediately instructed the jury that Appellant had no burden to prove anything. The judge subsequently denied the motion for mistrial.
Appellant was found guilty of tampering with evidence. The sufficiency of the evidence is not at issue. The sole issue on appeal is whether the trial court erred by denying the motion for mistrial.
Comments by a prosecutor that a defendant has failed to call a witness are cause for reversal because, at least in part, they may lead the jury to believe that the defendant has the burden of proving his innocence. See Jackson v. State, 575 So.2d 181 (Fla. 1991); Bates v. State, 649 So.2d 908 (Fla. 4th DCA 1995).
Courts recognize exceptions to this rule where a defendant asserts defenses such as alibi, self-defense, defense of others, or relies on facts that could be elicited from a witness who is not equally available to the state. See Crowley v. State, 558 So.2d 529 (Fla. 4th DCA 1990); Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983). Comments on the defendant's failure to call witnesses have also been held not to be reversible error where the defense has indicated or implied that a witness will be called or, if called, that the witness would testify in a manner which is favorable to the defendant's theory of the case. See Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990). Such exceptions have been recognized as limited to circumstances in which the defense opens the door by raising a matter sufficiently to allow the prosecutor to comment in rebuttal. See Hayes v. State, 660 So.2d 257 (Fla.1995).
This court has frequently taken a strict stance against comments that the defense has failed to call witnesses. In Crowley, we reversed a conviction where the prosecutor's closing argument called attention to the fact that the defendant failed to call any of the people at the scene to corroborate his story that drugs found on the ground were not his. There, we concluded that the prosecutor's comments were not invited by the defendant and the overruling of the defendant's objection constituted reversible error. We also reversed a conviction in Jones v. State, 653 So.2d 1110 (Fla. 4th DCA 1995), where a witness testified that shortly after the victim was killed, she heard a man say that he had done the killing. The witness also testified *371 that two other people were present when the man made that statement. In closing, the prosecutor commented on the defendant's failure to call these two other people. See also Bates v. State, 649 So.2d 908 (Fla. 4th DCA 1995).
In Lawyer v. State, 627 So.2d 564 (Fla. 4th DCA 1993), we recognized that in such circumstances, two questions must be asked: (1) whether the defense put on evidence of a defense which reflected the existence of a witness who could give exculpatory testimony, and (2) whether that witness had a special relationship with the defendant, so that the witness was not equally available to the defendant and the state.
In Lawyer, the defendant testified that he was working at a restaurant and named some of the people he was working with, including a manager whose name he only knew as Ingrid who took him home the night of the crime. The prosecutor said in closing "where are his alibi witnesses ... His own manager supposed to have taken Willie Lawyer home that night." Id. at 566. This court reversed because it found that there was no special relationship existing between the defendant and the witness such as to permit the prosecutor to comment on the defense's failure to produce the witnesses.
In the instant case, Appellant's girlfriend testified that they were taking a busboy home. She said she had worked with this busboy at a restaurant at the time, but did not know his last name. At the time of the trial, they no longer worked together. References to the busboy were also made in defense counsel's opening statement and closing argument. The prosecutor said in closing, "Where is this busboy today? I don't know."
In Lawyer, this court quoted from Jackson v. State, 575 So.2d 181, 188 (Fla.1991), in which the supreme court stated that:
[T]his Court has applied a narrow exception to allow comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state. A witness is not equally available when there is a special relationship between the defendant and the witness.

Lawyer at 567 (citations omitted). The supreme court further stated:
In the instant case, Jackson put on no evidence in the guilt phase, nor did he put into issue any particular theory of defense to which his mother could have related relevant testimony. Jackson had no burden to present evidence, and he chose not to do so. Under those circumstances, the witness's special relationship to Jackson was irrelevant, and the trial court erred by allowing the state to bring the witness's absence into issue in its closing argument.
We concluded in Lawyer, that Jackson recognized "that the rule in this state is that the prosecution can comment on a defendant's failure to produce a witness only if: (1) the defense puts on evidence of defenses such as alibi or self-defense which reflects the existence of a witness who could give relevant testimony and, (2) that witness has a special relationship with the defendant." Lawyer at 567. We then interpreted the Jackson language "as eliminating any arguable distinction between a witness classified as `not equally available' to the defendant and a witness who has a `special relationship' with the defendant. They are simply different ways of saying the same thing." Id. Clearly, the phantom busboy here has no more special relationship to the defendant than did the manager in Lawyer.
As we recognized in Lawyer, "this area of the law is not without confusion." Id. at 566. Our initial opinion in this appeal cited Highsmith v. State, 580 So.2d 234 (Fla. 1st DCA 1991), which held that the defendant had opened the door to the prosecutor's comment on the defendant's failure to offer testimony from his companions, by testifying to police conduct that occurred in their presence, thus making it appear that the companions could exonerate him. However, in Lawyer, this court refused to follow, and certified conflict with Highsmith. In our initial opinion in this appeal, we failed to recognize this stated conflict.
Although the defense raised the subject of the busboy and placed in issue its *372 explanation for the otherwise suspicious circumstances leading up to the incident, we recognize, applying Lawyer, that this was an impermissible comment. We do so notwithstanding the ambiguity in the prosecutor's statement, which we recognize may not have been intended as a comment on the burden of proof.
However, Lawyer does not mandate per se reversal. Here, unlike Lawyer, the trial court, immediately following the state's comment, gave a curative instruction, thereby removing any question of an improper taint on the jury's understanding of the burden of proof. Here, it was not an abuse of discretion to deny Appellant's motion for mistrial. Therefore, Appellant's conviction and sentence are affirmed.
WARNER and SHAHOOD, JJ., concur.