HAZOURI, J.
Defendant appeals a conviction for culpable negligence arguing that the prosecutor’s reference to the defendant’s failure to call a witness was error. We reverse.
In the early morning hours of October 13, 1996, the defendant, Knowles, and a friend, Chris Perry, left a night club in Fort Lauder-dale and entered the parking garage of the Broward County Governmental Center. The keys to Knowles’ truck were locked inside and he unsuccessfully attempted to enter his vehicle. As Knowles attempted to enter his truck, Perry climbed into the back of the truck and eventually fell asleep. Shortly thereafter, Jamie Melanson, Kacey Niles, and Chris Gonzalez entered the parking garage. Gonzalez recognized Perry and when learning that Knowles’ keys were locked in his truck, loaned him a tool to assist him in entering his truck. As Knowles was attempting to enter his truck, Kevin Apel and his friend David D’Agosta came upon the group and started an altercation which ultimately led to Apel sustaining serious injuries.
The state concedes that Knowles was minding his own business when the altercation began and that Apel was the aggressor and initiated the fight between himself and Knowles. At some point during the altercation between Knowles and Apel, the co-defendant, Melanson, joined into the fray with Knowles. The state’s position was that although Apel had originally been the aggressor, at some point during the course of the confrontation he had been subdued. Then, Knowles became the aggressor and kicked Apel in the head several times causing serious bodily injury.
At trial the state called Niles, Gonzalez and D’Agosta as witnesses and all confirmed that Apel had originally been the aggressor. Niles testified that Knowles had been the one that kicked Apel in the head after he was no longer able to defend himself. Gonzalez testified that Knowles did kick Apel but the kicks were to the chest and back, not the head. Apel testified at trial but had no memory of the altercation due to his brain injury.
After the state rested, Knowles testified on his own behalf. His testimony confirmed how the altercation began and he denied kicking Apel and indicated that it was Melan-son who kicked Apel. Knowles also implied that because Niles was a friend of Melanson, her testimony regarding who kicked Apel in the head was not credible.
During cross-examination, Knowles indicated that Perry was his best friend. The defense objected when the prosecutor inquired as to Perry’s whereabouts, and when Knowles had last seen and spoken to him. The defense argued that the prosecutor was attempting to lay a predicate to comment on the failure of Knowles to call Perry as a witness. The trial court overruled the objection and Knowles testified that he had been with Perry the day before the trial commenced.
*475 Upon further cross-examination, Knowles indicated that Perry had been asleep in the back of the truck when the altercation began. Perry awoke when Knowles was involved in a fight with Apel and D’Agosta. Perry intervened and began fighting with D’Agosta. After Apel had been subdued, Knowles then went to assist Perry in his altercation with D’Agosta. Then, Knowles and Perry left the garage. The pertinent testimony on this point is as follows:
Q: Okay. Now your best friend comes over and he’s helping you out?
A: Yes
Q: And he saw the end of the fight between you and Kevin Apel?
A: I couldn’t say he seen the fight.' I mean, he was fighting his own guy. I’m sure he wasn’t paying attention to me.
Q: He wasn’t concerned about what was going on with you, he was fighting his own guy?
A: Of course.
Prior to final argument the defense again objected to the state commenting on the failure of the defendant to call Perry as it would erroneously lead the jury to believe that the defendant carried the burden of introducing evidence. The objection was overruled. During final argument, the following comments were made by the prosecutor:
To call the witnesses that I called my witnesses I said is a little bit of misnomer. We know there was one other person there that night. We know that from the defendant himself. His best friend. His best friend, Christopher Perry, who helped him out in this fight, who witnessed this fight, who is the one that he said isn’t going-to lie, isn’t going to cover his own butt, just like those other witnesses like Niles, Gonzalez, they conspired .against him. Chris Perry is his best friend. He talked to him yesterday. Where is Chris Perry? Why didn’t we hear from Chris Perry? His best friend. He talked to him yesterday. Would that be important?
The defense objected to his comments but the trial judge again overruled the objection.
Comments by a prosecutor in closing argument that the defendant has failed to call a witness is reversible error, as it may lead the jury to believe the defendant has the burden of proving his innocence. See Bates v. State, 649 So.2d 908 (Fla. 4th DCA 1995); Lawyer v. State, 627 So.2d 564 (Fla. 4th DCA 1993); Crowley v. State, 558 So.2d 529 (Fla. 4th DCA 1990). The supreme court has carved a narrow exception within which the state is permitted to draw an adverse inference to a defendant based on the defendant’s failure to call a witness. The exception applies when the defendant voluntarily assumes some burden of proof by asserting a defense that requires him to rely on facts that could be elicited only from a witness who is not available to the state. Jackson v. State, 575 So.2d 181 (Fla.1991). In Jackson, the supreme court stated:
It is well settled that due process requires the state to prove every element of a crime beyond a reasonable doubt, and that a defendant has no obligation to present witnesses. Accordingly, the state cannot comment on a defendant’s failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence. However, this Court has applied a narrow exception to allow comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state. A witness is not equally available when there is a special relationship between the defendant and the witness.
Id. at 188 (citations and footnote omitted).
In overruling Knowles’ objection the trial court reasoned that since Knowles was asserting self-defense and because of the special relationship (best friends), the failure to call Perry fell within the exceptions as outlined in Jackson.
Without deciding whether or not Perry was the only -witness who could testify about Knowles’ claim of self-defense or deciding whether or not a “best friend” meets the special relationship test of Jackson, it is clear *476 that the only testimony elicited concerning Perry other than the fact that he was Knowles’ best friend was that he was either asleep or occupied in an altercation with D’Agosta. There was no testimony from any witness as to what Perry saw or whether he was in a position to see anything in reference to Knowles’ claim of self-defense.
The mere fact that Perry was with Knowles does not translate into him having witnessed the entire altercation between Knowles and Apel. It would be pure speculation as to what light Perry could shed on the altercation. Had Knowles raised the defense of alibi and testified that at the time of the altercation he was with Perry at some other location, the failure to call Perry would lead to the clear implication that Perry would not support the alibi defense. In this instance, however, we have no way of knowing what Perry might have seen.
The state concedes Apel was the aggressor and Knowles initially had a right to defend himself. Was Perry in a position to see the altercation between the defendant and Apel from start to finish? Apparently not, because based on the testimony at trial, Perry was engaged in an altercation with D’Agosta through the time in which Knowles was engaged in the altercation with Apel. Can Perry verify that Knowles did not kick Apel in the head and does that go to the issue of self-defense? This speculation clearly violates the due process requirement that the state must prove every element of the crime beyond a reasonable doubt and that a defendant has no obligation to present witnesses. Accordingly, we reverse and remand for new trial.
DELL and STEVENSON, JJ., concur.