754 So.2d 724 (1999)
Anthony WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4344.
District Court of Appeal of Florida, Fourth District.
October 27, 1999.
*725 Richard L. Jorandby, Public Defender, and Mallorye Cunningham and Kai Li Aloe Fouts, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant appeals his judgment of conviction and sentence for burglary of a dwelling and grand theft claiming that the trial court abused its discretion in denying his motion for mistrial on the grounds that the state impermissibly shifted the burden of proof to appellant by inferring, on redirect examination of its fingerprint expert, that appellant had a fingerprint expert and failed to call him as a witness. Appellant also claims that his sentence as a violent career criminal violated the single subject rule of the Florida Constitution. We affirm appellant's judgment of conviction and sentence holding that the trial court did not abuse its discretion in denying the motion for mistrial and that appellant lacked standing to constitutionally challenge his sentence.
During cross-examination of the state's fingerprint expert, appellant inquired as to whether the expert ever made mistakes identifying fingerprints. On redirect examination, the state asked the following objectionable question:
[State]: Let's talk about mistakes, and counsel asked you about make [sic] mistakes. Have you ever made mistakes identifying fingerprints?
[Witness]: No, I have not.
[State]: Now, sometimes do people have experts of their own that come out and meet and reviewed your work of fingerprints?
[Witness]: Yes, I do.
[State]: In fact, was an expert hired by the defense?
(emphasis supplied).
Appellant objected and moved for a mistrial claiming that the state impermissibly shifted the burden of proof by inferring that appellant had a fingerprint expert and failed to call him as a witness. The trial court agreed that it was improper, but did not believe that such question vitiated the entire trial. The court denied the motion and gave the jury the following curative instruction prior to any response given by the witness:
Okay. Members of the jury, I sustained the objection. What the attorney's [sic] say isn't evidence. I instruct you to ignore [the prosecutor's] question. The defense has no burden of proof in this case.
*726 A ruling on a motion for mistrial is within the sound discretion of the trial court and should be granted only when it is necessary to ensure that the defendant receives a fair trial. See Cole v. State, 701 So.2d 845, 853 (Fla.1997). A mistrial is appropriate only when the error committed was so prejudicial as to vitiate the entire trial. See Duest v. State, 462 So.2d 446, 448 (Fla.1985).
It is well settled that it is never the defendant's duty to establish his innocence. See Crowley v. State, 558 So.2d 529, 530 (Fla. 4th DCA 1990). Due process requires the state to prove every element of a crime beyond a reasonable doubt, and that a defendant has no obligation to present witnesses. See Jackson v. State, 575 So.2d 181, 188 (Fla.1991). As such, the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence.
In Hogan v. State, 753 So.2d 750 (Fla. 4th DCA 1999), this court recently held as follows:
When the state points out that a defendant has not produced a witness, it can mislead the jury into thinking that the defendant has the burden of demonstrating his innocence. See Jackson v. State, 575 So.2d at 188. There is an exception to this rule, which our supreme court explained in Jackson:

It is well settled that due process requires the state to prove every element of a crime beyond a reasonable doubt, and that a defendant has no obligation to present witnesses. Accordingly, the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence. However, this Court has applied a narrow exception to allow comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state. A witness is not equally available when there is a special relationship between the defendant and the witness. (Emphasis added).
In reversing for a new trial, the Hogan court held that the state's comment on the fact that a person who allegedly gave the defendant permission to be in the dwelling was not called to testify could have caused the jury to erroneously believe that appellant had the burden of proving his innocence. See id. There was no special relationship between the defendant and the witness which would have allowed the state to comment. See id.
Like Hogan, the state's comment in this case does not fall within the narrow exception set forth in Jackson. However, we distinguish Hogan, because in this case, a curative instruction was immediately given upon the question being asked and before an answer could be given. This case is more akin to this court's opinion in Thomas v. State, 726 So.2d 369, 372 (Fla. 4th DCA 1999), where we held under similar facts, that when the trial court, immediately following the state's improper comment, gives a curative instruction, any question of an improper taint on the jury's understanding of the burden of proof is removed. See id. Like Thomas, it was not an abuse of discretion for the trial court to deny appellant's motion for mistrial.
Appellant also claims that his sentence as a violent career criminal violated the single subject requirement of the Florida Constitution as held in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), review granted, 717 So.2d 538 (Fla.1998). As in Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998) and Salters v. State 731 So.2d 826 (Fla. 4th DCA 1999), appellant lacks *727 standing to make a constitutional challenge to his sentence as a violent career criminal because his offense occurred subsequent to the re-enactment of the chapter law into the Florida Statutes. See also Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999); Williams v. State, 729 So.2d 1005 (Fla. 4th DCA 1999). The opportunity to challenge his sentence based on the constitutionality of the statute ended on October 1, 1996 and appellant's offenses occurred on April 27, 1997. See Scott, 721 So.2d at 1246; Salters, 731 So.2d at 826. Like Salters, we certify conflict with Thompson concerning the applicable window of opportunity to raise such a constitutional challenge.
We also affirm appellant's third issue as to whether the trial court erred in sentencing appellant as a violent career criminal and as a violent habitual offender, finding it to be without merit.
AFFIRMED; CONFLICT CERTIFIED.
POLEN, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.