WARNER, C.J.
Appellant Leon Grant was convicted of operating a “chop shop,” after parts of several stolen vehicles were found in a shipping container at his automobile repair business. During his trial, Grant testified that he had allowed one of his customers, Carlton Brown, to disassemble a vehicle that the customer had brought to the shop for shipment to Jamaica. On cross-examination, the state questioned Grant about his business and another business which operated at the same site. After Grant named Willie Brutus as the owner of the other business, the state asked “where is Willie Brutus, is he going to testify?” Defense counsel moved for a mistrial on the grounds that the state had impermissibly shifted the burden of proof to the defense. The court denied the motion for mistrial but gave a curative instruction ordering the jury to disregard the question. We affirm, finding that the question was harmless.
In Jackson v. State, 575 So.2d 181, 188 (Fla.1991), our supreme court disapproved of comments by the state that shift the burden of proof to the defendant and held:
due process requires the state to prove every element of a crime beyond a reasonable doubt, and that a defendant has no obligation to present witnesses. Accordingly, the state cannot comment on a defendant’s failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence.
(footnote omitted). While the state did impermissibly ask if Grant would call Brutus, the error was harmless, as there was no testimony from Grant or anyone else suggesting that Brutus was in any way connected to the crime. In fact, the defense claimed that it was Carlton Brown who was involved in the crime, not Willie Brutus. This fact distinguishes this case from Knowles v. State, 729 So.2d 473 (Fla. 4th DCA 1999), where the state commented in closing argument on the fact that the defendant’s friend, who had been present at the scene of the criminal offense, did not testify. In the instant case, the trial court instructed the jury to disregard the state’s comment and the state did not mention the matter again.
We affirm the remaining issues raised, finding that the prosecutorial comments in closing argument were not error and one was not preserved; that the argument relating to the detective’s testimony was not *762 preserved, as the argument made on appeal is not the same as was made below and was remedied, in any event, by an expansive curative instruction; and that the state presented competent evidence that was inconsistent with the defendant’s theory of events and sufficient to overcome the defendant’s motion for judgment of acquittal.
Affirmed.
GUNTHER and KLEIN, JJ„ concur.