943 So.2d 942 (2006)
Alvin SCIPPIO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4250.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
*943 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher, Zibura, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was on trial for trafficking in cocaine exceeding 400 grams. Police had a search warrant and seized the cocaine from a house where defendant had residence, along with $26,000 and paraphernalia. His defense was that he had not been in the house during the week of the events involving a trash search, the search of the premises under the warrant and his arrest, because of the installation of new carpeting. He claimed that a cousin and a friend also resided there at the time, and that his mother, grandmother, aunt, friend's mother, *944 and another woman all had keys and access to the building during that time.
On cross examination, the prosecutor asked him if he was the only person who could testify in support of his activities during the week. When defendant answered that there were other persons who could testify, the prosecutor asked if he was the only one who was actually going to testify on the subject, and defendant admitted that he was. The trial judge sustained an objection to this last question. The prosecutor then began to ask if he had any intention of calling these other witnesses, at which point counsel moved for a mistrial. The trial judge denied the motion. Later in cross examination, the prosecutor asked defendant if his co-tenants would be able to testify in support of his absence, and he said they could. Still later in closing argument, the prosecutor suggested to the jury that defendant did not call these witnesses because they would not support his testimony. We reverse for a new trial.
It is well settled that it is never a defendant's burden to establish his innocence. Crowley v. State, 558 So.2d 529, 530-31 (Fla. 4th DCA 1990). Due process requires the state to prove every element of a crime beyond a reasonable doubt. Jackson v. State, 575 So.2d 181, 188 (Fla. 1991). Because the defendant is not obligated to present any evidence that he is not guilty, the state cannot comment on a defendant's failure to produce evidence. Hogan v. State, 753 So.2d 570, 571 (Fla. 4th DCA 1999). Doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence. Id.
An exception to this rule occurs when a defendant has assumed some burden of proof as to an affirmative defense, such as alibi, self-defense, entrapment, and the like. Jackson, 575 So.2d at 188. And comments on a defendant's failure to call a witness have been held not improper when defendant, himself, indicates or implies that a witness would be called and if called would testify in a manner favorable to defendant's theory of the case, but this exception has been limited to allowing the prosecutor to comment in rebuttal. Thomas v. State, 726 So.2d 369, 370 (Fla. 4th DCA 1999). Neither of these exceptions apply in this case.
The defense was that he had no knowledge of the presence of the cocaine in the kitchen. Here the state sought to imply an alibi defense, which the defense had not raised, and then improperly sought to lead the jury to believe that defendant was obligated to call witnesses to prove critical facts in issue. Further, the prosecutor improperly suggested to the jury that defendant did not call his co-tenants because they would not corroborate his testimony. The state defends its line of questioning by arguing it was an attempt to discredit an "alibi" that defendant was not staying in the home during the week in question. That argument is not supported in the circumstances shown by this record.
The decisive question is whether "`the court can see from the record that the conduct of the prosecuting attorney did not prejudice the accused, and unless this conclusion be reached, the judgment should be reversed.'" Brown v. State, 524 So.2d 730, 731 (Fla. 4th DCA 1988) (quoting Coleman v. State, 420 So.2d 354, 356 (Fla. 5th DCA 1982)).
"The test is not sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. The focus is on the effect of the error on the trier of fact."
*945 Goodwin v. State, 751 So.2d 537, 541 (Fla. 1999) (citing State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986)). Applying this test, we are unable to say beyond a reasonable doubt that this error had no effect on the jury. DiGuilio, 491 So.2d at 1139.
Reversed.
GUNTHER and GROSS, JJ., concur.