980 So.2d 1282 (2008)
Gibson PAUL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2714.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.
*1283 DAMOORGIAN, J.
Gibson Paul appeals his convictions and sentence for (1) felon in possession of a firearm, (2) improper exhibition of a firearm, and (3) discharging a firearm in public. Paul asserts that the trial court erred in allowing an impermissible comment by the prosecutor during closing argument. We reverse and remand for a new trial because the prosecutor made a comment that improperly shifted the burden of proof, and the curative instructions given following the comment were not sufficient to cure the error.
At trial, the prosecutor presented the testimony of one witness, Mr. Laboy, as proof that Paul was guilty of the crimes charged. During closing, the prosecutor stated that "[t]he State has the burden of proving all of these elements beyond a reasonable doubt. And if [the defense attorney] wants to present theories of how she believes this case should play out, there's got to be some level of proof from that Mr. Laboy was lying." Following the comment, Paul objected. The trial court overruled the objection and explained: "It's a comment on the evidence, or should I say, while the State always has the burden of proof, both lawyers have a right to comment on their perception of the evidence and as I told you before you're free to accept it, or reject it."
When arguing to the jury, the State may not make comments that mislead the jury as to the burden of proof. See Jackson v. State, 575 So.2d 181 (Fla. 1991); Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995). The prosecutor's comment improperly shifted the burden to the defendant because it insinuated that the defendant needed to prove that the prosecutor's witness was lying in order to be found not guilty. See Atkins v. State, 878 So.2d 460 (Fla. 3d DCA 2004) (state improperly shifted the burden of proof when it implied that the defendant needed to prove that the victim was lying in order to receive acquittal); Northard v. State, 675 So.2d 652, 653 (Fla. 4th DCA 1996) (prosecutor's argument was impermissible because it asked the jury to determine who was lying as the proper test of determining guilt). Moreover, the prosecutor's comment was not harmless because the sole evidence against the defendant was presented by Mr. Laboy. See Atkins, 878 So.2d 460 (comment about the defendant's failure to show victim was lying was not harmless where the sole evidence against the defendant was the victim's identification). Consequently, the comment made by the prosecutor resulted in reversible error.
Lastly, the instructions given by the trial court following the objection did not sufficiently erase the confusion created by the burden shifting comment. See Schoenwetter v. State, 931 So.2d 857, 872 (Fla.2006) (finding curative instruction to be sufficient where the defense objected, the trial court sustained the objection, the prosecutor admitted the mistake and the jury indicated that it understood the curative instruction). Despite generally stating that the State has the burden of proof, the trial court failed to specifically rebuff the State's comment that Paul had the burden to show Laboy was lying. Moreover, the trial court appeared to consent to the accuracy of the prosecutor's comment when it overruled the objection and stated to the jury that the State is allowed to comment on the evidence. Thus, the instructions did not eliminate the confusion caused the prosecutor's comment.
Reversed and Remanded.
SHAHOOD, C.J. and HAZOURI, J., concur.