COHEN, J.,
concurring specially.
Our affirmance is based upon a harmless error analysis. The prosecutor’s error was so basic it was elementary.[1] Her closing argument improperly attempted to shift the burden of proof. Relying on broad language in Henry v. State, 483 So.2d 860 (Fla. 5th DCA 1986), the prosecutor asserted her comment was not improper. That opinion contained no facts or analysis and was the equivalent of citing a head note as legal authority. A modicum of research would have revealed a plethora of case law disapproving of the prosecutor’s comment.[2] See Ealy v. State, 915 So.2d 1288 (Fla. 2d DCA 2005); Williams v. State, 754 So.2d 724 (Fla. 4th DCA 1999); and Messec v. State, 635 So.2d 89 (Fla. 4th DCA 1994). The trial court properly sustained defense counsel’s objection and issued a curative instruction.
What is also disconcerting was the prosecutor’s cavalier attitude toward what constituted a potentially serious error. In response to the trial judge’s concerns, the prosecutor responded, “Then grant the motion [for mistrial], Your Honor, because that’s what it sounds like you are doing. I’m not going to waste another four hours on this case, it sounds like that’s where you are leading.” Many a trial judge would have accepted the prosecutor’s invitation.

. Not even the attorney general's brief attempts to justify this error. Instead, it focuses on whether the remark deprived the defendant of a fair trial, materially contributed to the conviction, fundamentally tainted the trial or was so inflammatory that it might have influenced the jury to reach a more severe verdict than it would have otherwise.

. This is not a case where the defendant has voluntarily assumed some burden of proof by asserting certain defenses such as alibi or self-defense.