PER CURIAM.
Gerald Duane Cribbs, Appellant, seeks review of his conviction and sentence for *299 felony battery, arguing that the trial court erred by allowing several improper prose-cutorial comments, variously over objection and without objection. We agree with Appellant that certain prosecutorial comments, made over objection, shifted the burden of proof to the defense. Because of this preserved, harmful error, we reverse. The other issues raised by Appellant are therefore moot.
The only contested issue in this case was Appellant’s identity as the perpetrator. The State presented evidence that, on an evening in October 2010, Appellant entered a convenience store owned by the victim and proceeded to harass the victim’s female customers. After the customers complained, the victim asked Appellant to leave the store. He complied but returned a short time later and continued the harassment. The victim asked Appellant to leave a second time, and the same scenario played out again. At the victim’s third request for Appellant to leave, Appellant angrily exited the store, threatening the victim and the store. After customers came into the store and complained that Appellant was still outside bothering people, the victim went outside to ensure Appellant’s departure. After the victim was satisfied that Appellant was leaving the premises, the victim turned to go back to the store. On his way back to the store, the victim was hit in the back of the head and sustained serious injuries from the blow.
At trial, the victim testified that just before the strike, he heard Appellant’s voice threatening to kill him and turned to see Appellant. The State also relied on the testimony of the Jacksonville Sheriffs Office’s lead investigator for the case. This officer responded to the scene, observed the victim, and interviewed both the victim and another witness, William Williams, who saw Appellant in the vicinity shortly after the crime occurred. The officer testified that the victim identified Appellant as the perpetrator on the night of the offense. In addition, he testified that he saw a trail of blood on the road pointing in the direction of a home where he found Appellant, who had cuts on his knuckles at the time, on the evening of the offense. The officer also admitted making several mistakes in his investigation, including by recording inaccurate information in his police report and omitting other pertinent information to which he testified at trial.
The defense called its own investigator to the stand to impeach the victim’s testimony. In his brief testimony, the defense investigator testified that he called the victim in April 2011 and that the victim said he did not know who hit him. The State cross-examined the defense investigator about what he did and did not do to ascertain the facts of the case. The State later emphasized this point in its closing argument with the following remarks:
Now, defense counsel is going to get up here and talk about the discussion with their investigator who made a phone call or two phone calls, I’m not really clear on that, to our victim, Mr. Shentema. And he apparently said he didn’t know who hit him in April. Do you know when the incident occurred, I asked him. No. Why didn’t you ask him, that’s part of — you’re an investigator. Well, I mean, that wasn’t part of the predetermined guidelines I was supposed to ask about. Oh. Well, what were you supposed to ask about? About the incident. Oh. Did you go talk to Mr. Williams? No. No. Somebody else did that. Did you go to the gas station and look at the scene? No. So you get a predetermined set of guidelines to ask the victim of a crime what’s going on and that’s it, hang up the phone?
*300 Appellant objected on the ground of burden-shifting. The court made the following announcement in response:
I’m going to overrule the objection to the extent that I’m going to allow the State of Florida to continue their argument. I just want to, once again, remind the jury — and we’ll go over this in a more further detailed jury instruction — the burden is on the State of Florida to prove beyond a reasonable doubt the charges against Mr. Cribbs.
The State resumed its argument with further comments on the inadequacy of the defense investigator’s approach to the case. Later, the prosecutor returned to the same theme, noting that the defense investigator did not go to the store to talk to the victim and suggesting that the investigator had “just [left] it, after getting a pre-set guideline of questions to investigate.”
As a matter of due process, the State is required to prove all elements of a crime beyond a reasonable doubt. Hayes v. State, 660 So.2d 257, 265 (Fla.1995) (citation omitted). It is error for a prosecutor to make comments that “shift the burden of proof and invite the jury to convict the defendant for some reason other than that the State has proved its case beyond a reasonable doubt.” Gore v. State, 719 So.2d 1197, 1200 (Fla.1998). A defendant is not obligated to present evidence or witnesses. Hayes v. State, 660 So.2d 257, 265 (Fla.1995) (citation omitted). Although the State has the right to comment on testimony produced by the defense, such commentary is improper if it implies an obligation on the part of the defense to refute the State’s evidence. See Ealy v. State, 915 So.2d 1288, 1291 (Fla. 2d DCA 2005). That type of implication constitutes improper burden-shifting. Id.
The only issue the defense investigator’s testimony fairly raised was whether the victim in fact told the investigator that he did not remember who hit him. To the extent the prosecutor’s comments in this case tested the reliability of the defense investigator’s recollection of his conversation with the victim, they were proper. The comments, however, went further, delving into extraneous investigatory matters such as whether the defense investigator spoke to other witnesses and went to the scene. Because these comments implied that the defense had a duty to investigate, the decision to overrule the objection and allow the argument to continue was outside the bounds of the trial court’s discretion.
We recognize that even though the trial court overruled the objection and allowed the argument to continue, it attempted to mitigate the damage by reminding the jury of the State’s burden of proof. To determine whether this effort was sufficient to render the error in allowing the argument harmless, we find Hayes v. State, 660 So.2d 257 (Fla.1995), instructive and Paul v. State, 980 So.2d 1282 (Fla. 4th DCA 2008), persuasive.
In Hayes, the prosecutor responded to the defense’s focus on the State’s failure to test certain blood stains by eliciting testimony that the defense had not requested such testing either. 660 So.2d at 265. The prosecutor made similar comments in closing argument, adding that the defense failed to test hams found at the crime scene. Id. Although the court overruled the defendant’s objection to the questioning concerning the defendant’s failure to request testing, as here, the court offered a curative instruction. Id. at 266. The court advised the jury that, “although the defense had no obligation to test the evidence collected at the crime scene, it did have an opportunity to have it tested.” Id. This instruction was insufficient, as the jury was not likely to have drawn a distinc *301 tion between the “obligation” and the “opportunity.” Id.
In Paul, the State’s case consisted of only one witness, Mr. Laboy. 980 So.2d at 1288. During closing, the prosecutor commented, “[I]f [the defense attorney] wants to present theories of how she believes this case should play out, there’s got to be some level of proof from that [sic] Mr. Laboy was lying.” Id. The trial court overruled the objection, explaining, “It’s a comment on the evidence, or should I say, while the State always has the burden of proof, both lawyers have a right to comment on their perception of the evidence and as I told you before you’re free to accept it, or reject it.” Id. The trial court’s general reminder of the burden of proof was insufficient as a curative instruction because it “failed to specifically rebuff the State’s comment that Paul had. the burden to show Laboy was lying” and because “the trial court appeared to consent to the accuracy of the prosecutor’s comment when it overruled the objection and stated to the jury that the State is allowed to comment on the evidence.” Id.
Here, as in Paul, the trial court appeared to endorse the prosecutor’s comment by specifically overruling the objection, stating that the prosecutor would be allowed to continue the argument, and failing to admonish the jury to disregard the improper comment.* Cf. Grant v. State, 753 So.2d 760, 761 (Fla. 4th DCA 2000) (finding a burden-shifting question harmless where the court “gave a curative instruction ordering the jury to disregard the question” and the prosecutor “did not mention the matter again”). While the reminder of the burden of proof may have been of some benefit, it is not likely to have removed the confusion caused by the prosecutor’s focus on the defense’s lack of investigation. In the context of this trial, the comment invited the jury to compare investigations rather than hold the State to its burden to establish the elements of the offense beyond a reasonable doubt, and the trial court did not dispel the notion that a comparison of investigations would be proper. Unable to conclude that the improper comment was harmless beyond a reasonable doubt, we reverse and remand for a new trial.
REVERSED and REMANDED.
LEWIS, CLARK, and RAY, JJ., concur.

 Stires v. State, 824 So.2d 943 (Fla. 5th DCA 2002), is distinguishable due to the brevity of the comment at issue in Stires and the prosecutor’s efforts in that case to cure the State's own error.