# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1070
_____

STEVEN RUSSELL STATHAM,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Columbia County.
Leandra G. Johnson, Judge.

February 28, 2018


PER CURIAM.

Steven Statham was convicted of burglary of a dwelling. The court found he was a habitual felony offender and sentenced him to twenty years' imprisonment. Statham raises a single issue on appeal: he contends the court erred by overruling his objection to a portion of the State's closing argument.

The only sign of forced entry into the burglarized home was a broken window. There was blood on the broken window, and there was more blood on the home's front door. DNA tests matched the blood to Statham. At trial, a DNA expert testified that in a group of 20 quadrillion people, she would expect to find only one person with the DNA profile that matched Statham's blood and the blood at the scene. On cross-examination, the expert acknowledged that

the 20-quadrillion statistic referred to unrelated individuals and that she could not rule out the possibility that the DNA belonged to one of Statham's male relatives.

In closing argument, the prosecutor argued that the DNA evidence was conclusive. Addressing the cross-examination, the prosecutor noted that there was no evidence that Statham had an identical twin—or any brother—or that his father was living. Statham objected, arguing that this was improper burden shifting. The court overruled the objection, and Statham now pursues the same argument here. We review for an abuse of discretion. *Braddy v. State*, 111 So. 3d 810, 837 (Fla. 2012).

It is the State's burden to prove all elements of a crime, *Cribbs v. State*, 111 So. 3d 298, 300 (Fla. 1st DCA 2013), and "it is error for a prosecutor to make statements that shift the burden of proof and invite the jury to convict the defendant for some reason other than that the State has proved its case beyond a reasonable doubt," *Gore v. State*, 719 So. 2d 1197, 1200 (Fla. 1998). The issue here is whether the State's closing argument presented this type of error.

Statham's argument is similar to the argument rejected in *Guzman v. State*, 214 So. 3d 625, 634 (Fla. 2017). In *Guzman*, the defense counsel suggested during opening statements that DNA analysis is performed by "imperfect human beings." Later, when cross-examining the State's DNA experts, counsel asked whether mistakes or sample contamination could have affected their conclusions. *Id.* The State commented on the weakness of this defense during closing arguments, arguing that no evidence supported it. *Id.* In the supreme court, the defendant maintained— as Statham does here—that this argument improperly shifted the burden. But the supreme court found these comments "did not invite the jury to convict Guzman for some reason other than that the State proved its case beyond a reasonable doubt." *Id.* at 636. Like in *Guzman*, the State's comments responded to defense arguments that lacked evidentiary support. No witness testified that Statham had male relatives who could have left matching DNA at the crime scene. Rather than suggest Statham needed to put on exculpatory evidence, the comments explained why there was no reason to doubt the evidence that had already been presented. *See Robards v. State*, 112 So. 3d 1256, 1270 (Fla. 2013)

2

(rejecting burden-shifting argument, concluding "that the prosecutor was responding to argument proposed by the defense" and explaining that "[c]lose examination of the entire closing argument demonstrates that these comments addressed theories that were raised during the defense cross-examination of the State's witnesses and during closing argument but were never contradicted with evidence").

AFFIRMED.

WOLF, ROWE, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and David Alan Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.