# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

No. 1D17-2803

———————————————————

RANDY TERRELL GRIMSLEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————————

On appeal from the Circuit Court for Bay County.
Hentz McClellan, Judge.

April 3, 2019

KETCHEL, TERRANCE R., Associate Judge.

A jury convicted Mr. Grimsley of unlawful sexual activity with a minor after Grimsley (age 34) impregnated the victim (age 16), DNA tests showed a 99.9% chance Grimsley was the father, and the victim testified Grimsley had sex with her. On appeal, Grimsley maintains we should reverse his conviction because the prosecutor twice made comments improperly suggesting he had a burden to disprove he was the child's father and provide evidence of his innocence. We disagree.

During opening statements, the prosecutor began by informing the jury that DNA evidence would show Grimsley was the father of a child born to the victim, a minor. She then told

the jury to also pay attention to the statement Grimsley voluntarily gave police in a post-*Miranda* interview.

> [P]ay close attention when [the Investigator] is on the stand telling you about the interview she had with [Appellant] and pay attention to the things she said and also the thing that he didn't say. He never flat out denies that this baby could be his. But knowing that [the victim] is an underage minor, he dances around the investigator's questions saying things like, well, if that test comes back, I am f-d. He admits to the investigator that he does drink a lot. And when pushed more on the issue he finally says you don't think about consequences in the time, in the moment.

During the State's case-in-chief, the prosecutor asked the interviewing investigator "But he didn't deny that the child was his?"

On both occasions, defense counsel objected on improper burden shifting grounds and requested a mistrial. The court denied the first objection, sustained the second, and denied both requests for a mistrial. Grimsley now argues the court reversibly erred by denying his mistrial requests.

It is improper for a prosecutor to make statements that "shift the burden of proof and invite the jury to convict the defendant for some reason other than that the State has proved its case beyond a reasonable doubt." *Warmington v. State*, 149 So. 3d 648, 652 (Fla. 2014). It is inappropriate for a prosecutor to seek conviction "for a specific reason other than the state's proof of the elements of the crime beyond a reasonable doubt." *Lenz v. State*, 245 So. 3d 795, 798 (Fla. 4th DCA 2018) (quoting *Rivera v. State,* 840 So. 2d 284, 288 (Fla. 5th DCA 2003)). This means "an argument emphasizing a defendant's failure to proclaim his innocence" is improper; it "is the equivalent of a burden-shifting argument." *Id.*

2

On the other hand, a prosecutor may comment on the evidence. *See Cribs v. State,* 111 So. 3d 298, 300 (Fla. 1st DCA 2013).

The prosecutor was proper in commenting on the interview and what happened in the interview, and the investigator could testify to the same: "Appellant told the investigator he would be F-d," "Appellant said he had woken up naked with the victim on top of him." But it was improper to suggest Appellant could have said more and proclaimed his innocence. This crossed into impermissibly "pointing out that [Grimsley] didn't say certain things." *See Lenz*, 245 So. 3d at 797.

However, mistrial is only appropriate "in cases of absolute necessity." *Gosciminski v. State,* 132 So. 3d 678, 696 (Fla. 2013); *see also White v. Consol. Freightways Corp. of Del.*, 766 So. 2d 1228, 1232 (Fla. 1st DCA 2000) (explaining mistrial should be granted if "an absolute legal necessity to do so exists"). The error must be more than prejudicial; it must vitiate the entire trial and mistrial must be necessary to ensure a fair trial. *Gosciminski*, 132 So. 3d at 695-96. This Court reviews the trial court's mistrial decision for an abuse of discretion. *Id.* at 695.

Here, the prosecutor—most compellingly—presented DNA evidence that Grimsley was the father to a 99.9% certainty. Furthermore, the victim testified Grimsley had sex with her, and the State developed a timeline matching Grimsley's sexual interaction and the victim's pregnancy and delivery. It took the jury less than 20 minutes with that evidence to convict Grimsley. Simply, the prosecutor's comments and question could not have vitiated this trial or deprived Grimsley of a fair trial. The comments and question cannot alter DNA evidence to a 99.9% certainty, bolstered by the other evidence.[*]

---

[*] We find it gratuitous to decide on the propriety of the prosecutor's comments and question. It is unnecessary to the resolution; because no matter that answer, mistrial requires more than trivial error with no potential effect on the outcome. Grimsley cannot show that.

3

Accordingly, mistrial was far from necessary and would not have been proper. The trial court did not err, let alone abuse its discretion, in denying Grimsley's requests for mistrial.

AFFIRMED.

B.L. THOMAS, C.J., and WINOKUR, J., concur.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

Andy Thomas, Public Defender, and L. Allen Beard, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.