# Third District Court of Appeal

## State of Florida

Opinion filed July 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0908
Lower Tribunal No. F20-16482

_____

**Ana Karen Galdamez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before FERNANDEZ, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Statham v. State</u>, 239 So. 3d 196, 197 (Fla. 1st DCA 2018) (standard of review for burden of proof and rule shifting objections is abuse of discretion; "[T]he State's comments responded to defense arguments that lacked evidentiary support. . . . Rather than suggest [defendant] needed to put on exculpatory evidence, the comments explained why there was no reason to doubt the evidence that had already been presented."); <u>Banks v. State</u>, 46 So. 3d 989, 997 (Fla. 2010) ("Under the abuse of discretion standard of review, a ruling will be upheld unless the ruling is 'arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court.'") (citation omitted); <u>Kirby v. State</u>, 625 So. 2d 51, 54 (Fla. 3d DCA 1993) ("It is well established under Florida law that a prosecutor may comment to a jury during closing arguments on the absence of evidence on a particular issue."); <u>Harrell v. State</u>, 894 So. 2d 935, 941 (Fla. 2005) (holding that fundamental error is error that must "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.") (citation omitted); <u>King v. State</u>, 89 So. 3d 209, 226-27 (Fla. 2012) (Court found the prosecutor's statements during closing were invited by the defendant's comments made during opening statements and stated, "In telling the jury to

2

ask defense counsel for the evidence that demonstrated someone other than [defendant] committed the murder, the prosecution was not arguing that [defendant] was required to show beyond a reasonable doubt that someone else shot [the victim]. . . . [T]he prosecutor only sought to demonstrate that the defense . . . had failed to provide any evidence that someone other than [defendant] shot [the victim]."); Guzman v. State, 214 So. 3d 625, 636 (Fla. 2017) (finding "the State did not invite the jury to convict [the defendant] for some reason other than that the State proved its case beyond a reasonable doubt by arguing that there was no evidence of contamination introduced during the trial    And even if we were to assume that the State improperly . . . commented on the defense's failure to produce evidence of contamination, any such impropriety would not constitute fundamental error rising to the level that the conviction could not have been obtained without the assistance of the alleged error.").